MARY MOORE *v.* CRESTWOOD MANOR, INC.

SUPERIOR COURT  NEW HAVEN COUNTY AT WATERBURY  FILE NO. 21061

Memorandum filed October 28, 1953.

*Luke H. Stapleton,* of Cheshire, for the Plaintiff.

*Schofield & Fay,* of Hartford, for the Defendant.

COMLEY, J.  On February 25, 1953, the defendant was a corporation organized and existing under the laws of the state of New York. Its principal and only place of business was in the town of Garrison in that state, where it owned and operated a rest

home. On that day, while a guest or patient at the home, the plaintiff fell and sustained injuries on an allegedly defective stairway in the home.

On the day after her fall the plaintiff was moved to the Waterbury Hospital in this state and was a patient there at least until June 20, 1953. She was visited there about once a week by her daughter, Gertrude Stahl, who, with her husband, operated and managed the defendant's rest home in Garrison. Gertrude Stahl was the owner of stock in the defendant corporation and held the office of secretary. On June 20, 1953, while making one of her weekly visits to her mother at the Waterbury Hospital she was served with process in the present action in her capacity as secretary of the defendant. The defendant has never registered to do business in Connecticut and has no agent in this state authorized to accept the service of process under the provisions of General Statutes, § 5248. The defendant has no place of business in this state, but it solicited business here through a brother of Gertrude Stahl, who is a doctor in Cheshire, and through the circulation of a brochure advertising its business.

Section 7774 authorizes the service of process upon the secretaries of corporations, both domestic and foreign. But service of process upon the secretary of a foreign corporation who is in the state does not give our courts jurisdiction over the corporation unless it has exposed itself to such jurisdiction by doing business in Connecticut.

In the Restatement of Conflict of Laws, § 89, the general rule is thus stated: "Except as stated in § 88, a state cannot exercise through its courts jurisdiction over a foreign corporation if the corporation has neither consented to the exercise of jurisdiction by the courts of the state nor done business within the state." Comment (a) under § 89 elaborates this rule as follows: "A state does not have jurisdiction

over a foreign corporation which has neither consented to the exercise of jurisdiction nor done business within the state, although an officer or agent of the corporation is casually within the state . . . or has come into the state to attend to an affair of the corporation, even the affair on which the action is based. . . ."

The rule is thus expressed in 23 Am. Jur. 482, § 490: "In other words, to be subject to the acquisition, without its consent, of jurisdiction to render a personal judgment against a foreign corporation, it is essential that the foreign corporation do business in the state. Indeed, the doing of business within the state is essential to fulfil the constitutional requirement of due process of law."

There are many cases to support the foregoing texts. Perhaps the leading case on the subject is *Riverside & Dan River Cotton Mills* v. *Menefee,* 237 U.S. 189, 194, where Chief Justice White spoke as follows: "Without restating the *St. Clair Case* [106 U.S. 350] or the leading cases which have followed and applied it, we content ourselves with saying that it results from them that it is indubitably established that the courts of one State may not without violating the due process clause of the Fourteenth Amendment, render a judgment against a corporation organized under the laws of another State where such corporation has not come into such State for the purpose of doing business therein, or has done no business therein, or has no property therein, or has no qualified agent therein upon whom process may be served; and that the mere fact that an officer of the corporation may temporarily be in the State or even permanently reside therein, if not there for the purpose of transacting business for the corporation or vested with authority by the corporation to transact business in such State, affords no basis for acquiring jurisdiction or escaping the

denial of due process under the Fourteenth Amendment which would result from decreeing against the corporation upon a service had upon such an officer under such circumstances."

The foregoing authorities demonstrate that § 7774, in authorizing the service of process upon the secretary of a foreign corporation is valid only if the corporation is doing business in this state. If the statute is to be construed as subjecting a corporation not doing business in Connecticut to the full jurisdiction of the courts of this state, it is to that extent unconstitutional because in violation of the due process clause of the Fourteenth Amendment.

It, therefore, remains to inquire whether the defendant was doing business in Connecticut. At most, the evidence discloses that it solicited business in this state through the efforts of Gertrude Stahl's brother in the town of Cheshire, and through advertisement by circular or brochure. In *Alfred M. Best Co.* v. *Goldstein,* 124 Conn. 597, it is said (p. 603): "It is generally held that the soliciting of orders by traveling salesmen within a State where the orders so obtained are subject to acceptance or rejection by the corporation in another State, does not constitute transacting business within the first named State so as to subject the corporation to statutes prescribing conditions upon foreign corporations for doing business therein." In that case there was not only the solicitation of business in Connecticut by duly authorized agents of the foreign corporation but the maintenance of an office in Hartford and a telephone listing for the convenience of the customers of the corporation; and yet the corporation was held not to be doing business in Connecticut. This case is in accord with the general rule as expressed in 18 Fletcher, Corporations (Rev. Ed.) p. 373: "It has long been well settled that the mere solicitation of busi-

ness and the mere presence in the state of a mere soliciting agent of a foreign corporation without more, will not suffice to bring the corporation within the term of 'doing business' and make it present in the state so as to subject it to a suit and the process of the state courts; in order to render a foreign corporation amenable to the service of process within a state, the business done by it in the state must be more than mere solicitation of business, or advertising in the interest of the company's business. . . ."

The plea in abatement is sustained and judgment thereon is rendered for the defendant.