Per Curiam.

It has been held that the mere solicitation of business for an out-of-State concern is not enough to constitute doing business in this State (Miller v. Surf Properties, 4 N Y 2d 475; Yeckes-Eichenbaum, Inc. v. McCarthy, 290 N. Y. 437; Tauza v. Susquehanna Coal Co., 220 N. Y. 259). In International Shoe Co. v. State of Washington (326 U. S. 310, 314) the United States Supreme Court said that “ solicitation * * * plus some additional activities there are sufficient to render the corporation amenable to suit”. The only activities conducted in New York, apart from the solicitation of prospective customers for defendant, were to receive requests for reservations which were forwarded to Florida for confirmation, answer inquiries and distribute brochures. These activities amount to nothing more than mere solicitation by the defendant in New York of orders for hotel space in Florida. In MacInnes v. Fontainebleau Hotel Corp. (257 F. 2d 832 [1958]) the United States Court of Appeals for the Second Circuit held that the activities of defendant’s New York City office, which were then practically the same as in this case, did not constitute doing business in this State. In our opinion the defendant was not “ doing business ” in this State.
The orders should be reversed, with $10 costs and disbursements, motions granted and judgment vacated.
Concur — Hecht, J. P., Hoestadter and Gold, JJ.
Orders reversed, etc.