Ruth M. Sheridan, Administratrix (Estate of William J. Sheridan) v. Cadet Chemical Corporation et al.

Superior Court      New London County      File No. 29119

Emely I. Burke, Administratrix (Estate of Carl J. Burke) v. Cadet Chemical Corporation et al.

Superior Court      New London County      File No. 29120

Adeline A. Counihan, Administratrix (Estate of Leonard M. Counihan) v. Cadet Chemical Corporation et al.

Superior Court      New London County      File No. 29121

Memorandum filed April 8, 1963

*Gilman, Jacobson, Laudone & Dutton,* of Norwich, for the plaintiff in each case.

*Leone, Dana & Throwe,* of East Hartford, for defendants Champs Express, Inc., and Richard Kane in each case.

*Wiggin & Dana,* of New Haven, for defendant McKesson & Robbins, Inc. in each case.

*Howard, Kohn, Sprague & Fitzgerald,* of Hartford, for defendant Red Star Express Lines of Auburn, Inc. in each case.

*Waller, Smith & Palmer,* of New London, for defendant The Van Tassel Leather Company in each case.

*William J. Willetts,* of New London, specially for named defendant in each case.

LONGO, J. The above-named actions are the forerunners of many similar actions instituted as the aftermath of an explosion occurring on April 3, 1962, in Norwich, Connecticut. The complaint in each action alleges that the defendant Cadet Chemical Corporation manufactured and packaged chemical substances which it sold to the defendant McKesson and Robbins, Inc., who instructed the manufacturer to ship the chemicals to the warehouse of the Van Tassel Leather Company, one of several defendants, in Norwich, for storage. The Cadet Chemical Corporation, hereinafter referred to as the defendant, loaded the chemicals into a trailer which transported the chemicals from Burt, New York, and eventually to Norwich. The complaint further alleges that the chemicals were inherently dangerous and while the trailer was on the premises of the Van Tassel Leather Company a violent explosion occurred, causing the deaths of the plaintiffs' decedents, who were members of the Norwich fire department. This action is brought by the administratrices of the deceased firemen.

The plaintiffs claim that the explosion and resulting deaths were caused by the negligence of the defendant, in that said company improperly and

negligently loaded the chemicals into the trailer in such a manner as to allow them to move and slide while in transit, and in that the company negligently manufactured, inspected and packaged the inherently dangerous chemicals. The plaintiffs also allege reckless and wanton misconduct, nuisance and absolute liability for ultrahazardous activity.

The plaintiffs are residents of the state of Connecticut, while the defendant is a New York corporation, not authorized to conduct business in Connecticut. Service was made upon the defendant in accordance with § 33-411 (d) of the General Statutes. The actions are brought under §§ 33-411 (c) (3) and (4), which provide as follows: "(c) Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows: . . . (3) out of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers; or (4) out of tortious conduct in this state, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance."

The defendant pleaded specially and filed a plea in abatement and to the jurisdiction as follows: "The statute, Section 33-411, of the Connecticut General Statutes, Revision of 1958, under which the plaintiff purports or seeks to acquire jurisdic-

tion over this non-resident corporate defendant, is wholly invalid, unconstitutional under the Federal and State Constitutions, void and of no effect." The defendant cites the following grounds in support of its plea: (a) The defendant is a New York corporation, is not a citizen and resident of Connecticut, has never qualified or done business in the state of Connecticut at any time; (b) has never owned property within this state; (c) has never consented to service and therefore was illegally served by the plaintiffs; (d) the alleged service upon the secretary of the state of Connecticut is not due process of law and is in violation of the provisions of the federal and state constitutions.

The plaintiffs have demurred to the defendant's plea in abatement, claiming that § 33-411 is valid and not violative of due process under the federal and Connecticut constitutions. The sole issue raised by the pleadings is the constitutionality of the applicable portions of § 33-411. It is the claim of the defendant that the statute purports to confer jurisdiction whether or not such foreign corporation is transacting or has transacted business or is or is not engaged exclusively in interstate or foreign commerce under certain circumstances. The defendant concedes that if the statute is constitutional, the defendant comes within its purview.

Basically the courts do not have jurisdiction over foreign corporations unless they are doing or have done business within the state or have consented to jurisdiction. *Riverside & Dan River Cotton Mills* v. *Menefee*, 237 U.S. 189, 194; *Moore* v. *Crestwood Manor, Inc.*, 18 Conn. Sup. 387, 388; Restatement, Conflict of Laws § 89, 23 Am. Jur., Foreign Corporations, § 490. The broad terms of § 33-411, which became effective as of January 1, 1961, indicate an intention on the part of the legislature to empower our courts to exercise jurisdiction

over foreign corporations to the greatest permissible extent.

In permitting suits against foreign corporations, whether or not they are or have transacted business in this state, because "of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers," the legislature has adopted the principles set forth in *International Shoe Co.* v. *Washington,* 326 U.S. 310, 316, and extended the in personam jurisdiction of the courts. The court stated that "due process requires only that in order to subject a defendant to a judgment *in personam,* if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Ibid. The number of contacts does not appear to be the test applied by the courts, but the nature of the contact, whether one or many, seems to control.

The statute is a reasonable enactment made in the public interest and necessary in view of the comparative ease of transporting products across state lines and far from the site of production or manufacture. The defendant charged with negligence who has injured a citizen of this state under the circumstances pertaining to the facts of this case is not deprived of due process if called to defend litigation in the forum of the injury. As stated in *Florio* v. *Powder Power Tool Corporation,* 248 F.2d 367, 371: "We may take judicial notice that scientific and economic developments, coupled with vastly increased facilities for travel and communi-

cation, have so enlarged corporate activity that State lines have been largely effaced for many purposes. Obviously the law must grow with economic developments of the country which it seeks to serve and extensions of jurisdiction have been effected both by judicial decision and by legislative enactment."

It is a well-settled rule that every proper presumption and intendment must be made in favor of the legislation challenged and it must be sustained unless its invalidity appears beyond reasonable doubt. *Amsel* v. *Brooks,* 141 Conn. 288, 294. While this is a case of first impression in Connecticut, similar statutes have been declared constitutional in other states. N.C. Gen. Stat. § 55-145 (a) (3) (1960); *Shephard* v. *Rheem Mfg. Co.,* 249 N.C. 454 (1959). In *Gray* v. *American Radiator & Standard Sanitary Corporation,* 22 Ill. 2d 432, the plaintiff was injured by an instrumentality manufactured and sold outside the state by a company whose only contact with Illinois in the transaction was the presence of its product at the occurrence of the accident. The Supreme Court of Illinois held that its courts had in personam jurisdiction over a foreign corporation whose only contact with Illinois was that it had negligently manufactured a valve in Ohio and placed it into the ordinary channels of commerce with the reasonable expectation that it might be used in Illinois. See *Anderson* v. *Penncraft Tool Co.,* 200 F. Sup. 145 (1961); *Atkins* v. *Jones & Laughlin Steel Corporation,* 258 Minn. 571 (1960); *Shephard* v. *Rheem Mfg. Co.,* supra.

In the present proceedings, the court is of the opinion that under the facts of this case the court has jurisdiction by virtue of the authority contained in § 33-411 (c) (3) and (4), that proper service was made upon the secretary of state in accordance with

subsection (d) of § 33-411, and that said sections are constitutionally valid.

The demurrer to the plea in abatement is sustained.