Louis DiMEO, Plaintiff,
and
C. Cowles and Company, Intervening
Plaintiff,
v.
The MINSTER MACHINE CO., Inc. and
Ross Operating Valve Co., Inc.,
Defendants.

Civ. No. 9365.

United States District Court
D. Connecticut.

July 9, 1963.

Kevin T. Gormley, of Gormley & Gormley, New Haven, Conn., for plaintiff.

Douglas B. Johnson, New Haven, Conn., for intervening plaintiff C. Cowles and Company.

Peter C. Dorsey, of Gumbart, Corbin, Tyler & Cooper, New Haven, Conn., for defendant Minster Machine Co., Inc.

John C. Flanagan, New Haven, Conn., for defendant Ross Operating Valve Co., Inc.

TIMBERS, District Judge.

## I

### DEFENDANT MINSTER MACHINE'S MOTION TO DISMISS

Defendant Minster Machine Co., Inc. having moved (i) pursuant to Rule 12 (b) (2) and (5), Fed.R.Civ.P., to dismiss the complaint on the ground of lack of jurisdiction over said defendant and to quash service of process because of the insufficiency of service of process on said defendant, and (ii) pursuant to Rule 12(b) (6), Fed.R.Civ.P., to dismiss the second count of the complaint for failure to state a claim upon which relief can be granted; and

Defendant Minster, at the time of oral argument, having withdrawn its motion to dismiss the complaint on the ground of lack of jurisdiction over said defendant and to quash service of process because of insufficiency of service of process on said defendant (motion (i) above); and

With respect to motion (ii) above, the Court, having heard arguments by counsel for the respective parties, having received and considered said defendant's motion, briefs of the respective parties, pleadings and other papers on file; and being of the opinion that the second count of neither plaintiff DiMeo's complaint nor intervening plaintiff Cowles' complaint (2 Moore's Federal Practice, ¶ 12.14, p. 2266 (2d ed. 1962)) states a cause of action for breach of warranty because of the failure of said counts to allege facts, if there be any, bringing this case within the exception enunciated in Hamon v. Digliani, 148 Conn. 710, 718, 174 A.2d 294 (1961), to the long-standing rule in Connecticut requiring privity of contract as an essential element of a cause of action for breach of warranty (Boruchi v. MacKewzie Bros. Co., 125 Conn. 92, 3 A.2d 224 (1938)); it is

Ordered that defendant Minster's motion to dismiss the second count of the complaint be, and the same hereby is, denied, *provided* that within thirty (30) days from the date of this order an amended complaint and an amended intervening complaint be filed alleging facts, if there be any, bringing said complaints within the rule of Hamon v. Digliani, supra, failing which the Clerk of this Court is directed to enter an order dismissing the second count of the complaint and the second count of the intervening complaint.

## II

### DEFENDANT ROSS OPERATING VALVE'S MOTION TO DISMISS

[2–5] Defendant Ross Operating Valve Co., Inc. having moved, pursuant to Rule 12(b) (2) and (5), Fed.R.Civ.P., to dismiss the complaint on the grounds of lack of jurisdiction over said defendant and insufficiency of service of process on said defendant; and

The Court, having heard arguments by counsel for the respective parties; having received and considered said defendant's motion and supporting affidavit, briefs of the respective parties, pleadings and other papers on file; and being of the opinion that the motion by said defendant to dismiss should be granted for the reasons that

(i) The sole contact of defendant Ross with the State of Connecticut is the presence in this state of its valve (the valve having been manufactured by Ross in Michigan, having been sold to Minster in Michigan, having been installed in Minster's press in Ohio, having been a part of the press sold by Minster to Cowles and installed by Minster at Cowles' plant in Connecticut where plaintiff was injured while in Cowles' employ);

(ii) The presence of such product (the valve) in Connecticut, without more, does not constitute sufficient minimal contacts with the State of Con-

necticut to make Ross amenable to substituted service of process issued by a court of this state (International Shoe Co. v. Washington, 326 U.S. 310, 320, 66 S.Ct. 154, 90 L.Ed. 95 (1945); Hanson v. Denckla, 357 U.S. 235, 251, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); Hutchinson v. Chase & Gilbert, Inc., 45 F.2d 139, 141 (2 Cir. 1930); Bomze v. Nardis Sportswear, Inc., 165 F.2d 33, 35 (2 Cir. 1948));

(iii) Ross therefore is not subject to service of process in Connecticut under Conn.Gen. Stat. § 33–411(c) (3), since the cause of action did not arise out of the production, manufacture or distribution of the valve by Ross with the reasonable expectation that the valve would be used or consumed in Connecticut;

(iv) Nor is Ross subject to service of process in Connecticut under Conn.Gen.Stat. § 33–411 (c) (4), since its alleged tortious conduct occurred in Michigan, not in Connecticut (Southern New England Distributing Corp. v. Berkeley Finance Corp., 30 F.R.D. 43, 47 (D.Conn.1962); LaPointe Industries, Inc. v. Model Engineering & Manufacturing Corp., Civil No. 9497 (D.Conn. April 6, 1963); Hellriegel v. Sears, Roebuck & Co., 157 F.Supp. 718 (N. D.Ill.1957));

(v) Pursuant to Rule 4(d) (7), Fed.R.Civ.P., the attempted service of process on Ross was not sufficient under the Connecticut long arm statute providing for substituted service upon a foreign corporation (Conn.Gen.Stat. § 33–411);

(vi) The conclusion reached by the Court is based on the "federal standard" as well as the "state standard" of due process limits for substituted service of process on a foreign corporation, the two standards being here identical (Jaftex Corporation v. Randolph Mills, Inc., 282 F.2d 508 (2 Cir.1960); Winchester Electronics Corp. v. General Products Corp., 198 F.Supp. 355 (D.Conn.1961); cf. Arrowsmith v. United Press International, 320 F.2d 219 (2 Cir. 1963)); it is

Ordered that the motion of defendant Ross Operating Valve Co., Inc. to dismiss the complaint against said defendant be, and the same hereby is, granted.