MARY WALTER *v.* HOTEL BRUNSWICK

CIRCUIT COURT                               FIFTH CIRCUIT
FILE No. CV 5-655-5180

Memorandum filed July 23, 1965

*George J. Jaser,* of Milford, for the plaintiff.

*Mellitz, Krentzman & Hall,* of Bridgeport, for the defendant.

WISE, J. The complaint alleges that the defendant is a Pennsylvania corporation; that on or about October 13, 1964, the plaintiff purchased a ticket from the defendant's agent, the Milford Travel Agency, Inc., located in Milford, Connecticut, for a weekend Pennsylvania tour; that when the plaintiff arrived in Pennsylvania she was provided with a room on the second floor in the defendant's hotel; that on October 15, 1964, at approximately 9 :15 p.m.,

the plaintiff was descending the main flight of stairs in the hotel when she was caused to slip and fall, sustaining injuries; and that the fall was due to the negligence of the defendant. On May 20, 1965, service of the writ, summons and complaint was made on "The Milford Travel Agency, Inc. (Designated as agent for service for the Hotel Brunswick, the within named Defendant by the Plaintiff's attorney) . . . ," as appears by the officer's return endorsed thereon. The defendant appeared specially for the purpose of contesting the jurisdiction and filed a plea in abatement on the ground that "the court has no jurisdiction because it is not incorporated under the laws of the State of Connecticut and The Milford Travel Agency, Inc., upon whom service was made, is not an agent of the Defendant and the Defendant, therefore, was not properly served in this action."

From the evidence adduced at the hearing, the court finds the following facts: The defendant is a Pennsylvania corporation, conducting a hotel business in Lancaster, Pennsylvania. On or about October 13, 1964, the plaintiff, a resident of Milford, Connecticut, purchased a ticket for Casser's Pennsylvania Dutch Tour through The Milford Travel Agency, Inc., of Milford. On arrival in Lancaster, plaintiff was provided with a room in the defendant hotel. Casser Tours is an organization providing bus transportation, sight-seeing and accommodations in the United States and in foreign countries, maintaining an office in New York City. The brochure issued by Casser Tours advertising this particular tour states: "[O]ur destination is Lancaster, Pennsylvania where rooms are assigned for two nights at the comfortable Brunswick Hotel." The following also appears under the designation "Responsibility": "Casser Tours, div. of Manhattan Transit Co., acts only as agents and assumes no

liability in arranging hotel and other accommodations and cannot be held responsible for nonperformance on the part of the hotel proprietor. In the event changes are necessary for the comfort and well being of our patrons, Casser Tours reserves this right without penalty." The Milford Travel Agency is an independent service organization carrying on a business usually associated with a travel agency. It receives a commission based on the sale of transportation tickets, bookings, tours, etc. It did not organize the tour, had no connection with the tour, and had nothing to do with any of its arrangements; nor did the travel agency have any affiliation with Casser Tours. The extent of its activity was to sell a ticket to the plaintiff for the tour. The Milford Travel Agency never had any correspondence with or from the defendant, never made any direct bookings with the defendant, never had any business dealings with it, never advertised for or made any reference to the defendant in its advertisements, and had no actual knowledge of the defendant. The defendant did not maintain an office, a telephone, a telephone listing, or salesmen in this state, nor did it conduct its business, consisting of the operation of a hotel, in this state.

The question presented for determination is whether under the factual situation in the instant case the defendant is amenable to service under § 33-411 (b) of the General Statutes. There is no reported case from Connecticut courts dealing with a comparable factual situation.

Each case in which the question of doing business is raised must stand upon its own peculiar facts. So, in the instant case, the determination whether or not the defendant, a foreign corporation, was transacting business in this state under

§ 33-396 of the General Statutes must be made upon all of the facts. *Eljam Mason Supply, Inc.* v. *Donnelly Brick Co.*, 152 Conn. 483, 485; *Armor Bronze & Silver Co.* v. *Chittick*, 221 F. Sup. 505, 511 (D. Conn.). "In the determination whether a foreign corporation is subject to the provision of our statutes requiring a certificate to transact business, the considerations are different from those involved in the determination whether a foreign corporation is subject to suit in our courts. See General Statutes §§ 33-397, 33-411. These statutes clearly indicate that although certain activities may not constitute doing business in this state, they would suffice to subject the foreign corporation to service of process." *Eljam Mason Supply, Inc.* v. *Donnelly Brick Co.*, supra. Section 33-397 enumerates acts which do not constitute transacting business. In *Connecticut Tool & Mfg. Co.* v. *Bowsteel Distributors, Inc.*, 24 Conn. Sup. 290, 296, this section was likewise construed: "A foreign corporation shall not be considered to be transacting business in this state solely because it carries on in this state one or more of the enumerated activities. This does not exclude a finding that a foreign corporation transacts business in this state if its other activities lead to that conclusion." The pertinent portion of § 33-411 (b) provides: "Every foreign corporation which transacts business in this state in violation of section 33-395 or 33-396 shall be subject to suit in this state upon any cause of action arising out of such business." Since the defendant is not one of the types of corporations listed in § 33-395, that section is not applicable. Section 33-396 reads in part: "No foreign corporation except an insurance or surety or indemnity company shall transact business in this state until it has procured a certificate of authority so to do from the secretary of state."

Since *Pennoyer* v. *Neff,* 95 U.S. 714, there has been a radical change in the law affecting judgments against persons not served with process within their boundaries. In *International Shoe Co.* v. *Washington,* 326 U.S. 310, the court recognized the "solicitation plus" doctrine and upheld jurisdiction upon proof of systematic and continuous business activities in the state. The court recognized the "continuing process of evolution," which in part "is attributable to the fundamental transformation of our national economy over the years." in *McGee* v. *International Life Ins. Co.,* 355 U.S. 220. See *Riverside & Dan River Cotton Mills* v. *Menefee,* 237 U.S. 189, 194. In *Sheridan* v. *Cadet Chemical Corporation,* 25 Conn. Sup. 17, 20, the court stated: "The broad terms of § 33-411, which became effective as of January 1, 1961, indicate an intention on the part of the legislature to empower our courts to exercise jurisdiction over foreign corporations to the greatest permissible extent." But in *Armor Bronze & Silver Co.* v. *Chittick,* supra, 514, the court stated: "Section 33-411 has facilitated the service of process on foreign corporations but has done so without broadening the definition of the words 'transacting business'; nor is there in this statute any direction to the courts to adopt a constantly broadening definition of the words."

The plaintiff places considerable reliance on *McGee* v. *International Life Ins. Co.,* supra, and *International Shoe Co.* v. *Washington,* supra. These cases are not pertinent on the facts and are not applicable to the instant situation.

In paragraph 1 of her complaint, the plaintiff alleges that the defendant "is doing business in Connecticut through its agent, The Milford Travel Agency, Inc." The defendant contends that it is not doing business in Connecticut through The Milford

Travel Agency, Inc., and that service of the writ, summons and complaint as appears by the officer's return was not effective to confer jurisdiction over the defendant. See § 52-57 of the General Statutes, concerning manner of service on corporations, and § 52-59a, concerning service of process on nonresidents doing business in this state.

Was the defendant doing business in this state and was the Milford Travel Agency, Inc., its agent? The case of *MacInnes* v. *Fontainebleau Hotel Corporation*, 257 F.2d 832, took cognizance of *International Shoe Co.* v. *Washington*, supra, and *McGee* v. *International Life Ins. Co.*, supra. In that case the plaintiff, a resident of New York, instituted suit in New York against the defendant, a Florida corporation and owner and operator of a resort hotel in Miami Beach, Florida. The defendant maintained an office in New York City with three employees. Their function was to receive requests for reservations, which were forwarded to Florida for confirmation, to answer inquiries and to distribute brochures. A small, inactive bank account was maintained in New York and the defendant's name was listed in the telephone and building directories and appeared on the door of its office. Defendant's advertisements referred to its New York office. The court held that the defendant was not doing business in New York and dismissed the action for lack of jurisdiction. The rational of the court is stated (p. 833) as follows: "Here the business is that of a hotel. All the facilities and attractions offered to its guests, such as, shelter, recreation, and entertainment must be furnished to the guests within the confines of the hotel property in Miami Beach. Defendant's entire business, of necessity, must be carried on there. Defendant may seek to attract patrons by newspaper ads throughout the United States and may even have offices in the larger cities for

reservation booking purposes, but it cannot deliver in winter Florida warmth and sunshine to residents of the more northerly states on order by mail, freight or express. There can be no out-of-state delivery on orders taken outside of Florida. Thus the nature of the hotel business is quite different from such businesses in which traveling salesmen take orders for interstate delivery and use office space in other states as headquarters for their operations." It is evident that the court considered that the service rendered by a resort hotel remains localized.

It is to be noted that the connection between The Milford Travel Agency, Inc., and the Hotel Brunswick is much more remote than the relationship between the Fontainebleau Hotel and its office in New York. In the instant case, the only reference to the Hotel Brunswick is in the brochure of the Casser Tours. The position of the plaintiff in the instant case on the jurisdictional issue is considerably weaker than that of the plaintiff in the *MacInnes* case, supra. Other cases which held that a foreign hotel corporation was not subject to personal jurisdiction even though the hotel maintained reservation bureaus or facilities are *Wiederhorn* v. *The Sands, Inc.,* 142 F. Sup. 448 ("The Sands," Las Vegas, Nev.); *Guile* v. *Sea Island Co.,* 11 Misc. 2d 496, aff'd, 272 App. Div. 881, appeal denied, 297 N.Y. 781 ("Cloisters," Sea Island, Ga.); *Miller* v. *Surf Properties, Inc.,* 4 N.Y.2d 475 (Belmar Hotel, Miami Beach, Fla.); see also *Dana* v. *Fontainebleau Hotel Corporation,* 34 Misc. 2d 20.

The sole activity of The Milford Travel Agency, Inc., was the sale of the ticket to the plaintiff. In *Philadelphia & R. Ry.* v. *McKibbin,* 243 U.S. 264, 268, the court held that "the sale by a local carrier of through tickets does not involve a doing of busi-

ness within the State by each of the connecting carriers. If it did, nearly every railroad company in the country would be 'doing business' in every State." See *McManus* v. *Capitol Airlines, Inc.,* 166 F. Sup. 301, 302. This court is not aware of any case that has extended the "doing business" concept which would warrant a holding that a hotel, motel, airline, steamship company and railroad would be doing business in this state any time a reservation for travel or accommodations was booked through a Connecticut travel agent. In the very recent case of *Gelfand* v. *Tanner Motor Tours, Ltd.,* 339 F.2d 317 (Dec. 1964), the court held that a cause of action against foreign bus companies for injuries sustained by passengers when a bus left the highway did not arise from a sale of tickets within New York through a travel agency and that the ticket sale could not afford the basis for jurisdiction over foreign bus operating corporations under a statute providing for personal jurisdiction by acts of non-domiciliaries arising from business transacted within the state. See also *Bank of America, National Trust & Savings Assn.* v. *Lima,* 103 F. Sup. 916; *Moore* v. *Crestwood Manor, Inc.,* 18 Conn. Sup. 387; *Alfred M. Best Co.* v. *Goldstein,* 124 Conn. 597.

This court is of the opinion that the defendant was not doing business in this state and that The Milford Travel Agency, Inc., was not its agent, and so concludes. Accordingly, the service of the writ, summons and complaint, as made, did not confer jurisdiction over the defendant.

The plea in abatement is sustained, and judgment thereon is rendered for the defendant.