**Winnie C. LEE, Plaintiff,**

v.

**The REGINA CORPORATION,**
**Defendant.**

Civ. No. 10594.

United States District Court
D. Connecticut.

May 11, 1966.

Theodore I. Koskoff, Bridgeport, Conn., for plaintiff.

David M. Reilly, Jr., New Haven, Conn., for defendant.

ZAMPANO, District Judge.

Plaintiff's motion to strike calls for a determination of the reach of Connecticut's "long arm statute", Section 33–411 of the General Statutes, which provides for substituted service of process on foreign corporations.[1]

The statute contains a tripartite classification. Section 33–411(a) provides that a registered corporation is subject to suit in this state upon duly executed and timely service of process. Section 33–411(b) authorizes suits against an unregistered foreign corporation transacting substantial business in this state upon a cause of action arising out of such business. The third statutory category allows service for a cause of action arising out of the use of a foreign corporation's product in this state or out of tortious conduct in this state for which the corporation is liable. There is no question that the corporate amenability to service which under Section 33–411 diminishes according to the decreased significance of local activities is generally consistent with the notions of fair play and substantial justice enunciated in International Shoe Co. v. State of Wash-

---

[1] Conn.Gen.Stat. 33–411 authorizes service of process on foreign corporations

"(a) * * * authorized to transact business in this state * * *

(b) * * * (which) transact business in violation of § 33–395 or § 33–396 * * * upon any cause of action arising out of such business.

(c) * * * whether or not such foreign corporation is transacting or has transacted business in this state * * * on any cause of action arising as follows:

(3) out of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers; or

(4) out of tortious conduct in this state, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance."

ington, 326 U.S. 310, 66 S.Ct. 154, 90 L. Ed. 95 (1945) and that case's progeny.[2]

■ This being a diversity action, the Court has jurisdiction only if the facts of the case fall within the bounds of the state statute. Arrowsmith v. United Press International, 320 F.2d 219, 223 (2 Cir. 1963) (en banc), overruling Jaftex Corp. v. Randolph Mills, 282 F.2d 508 (2 Cir. 1960).

Here the plaintiff, a Connecticut citizen, is seeking to recover damages in negligence and breach of warranty for injuries she received on August 9, 1963 in Maine while using a Regina Electrik Broom. The appliance was manufactured in New Jersey at the principal place of business of the defendant, a Delaware corporation. In 1957 it was purchased in Massachusetts by plaintiff's relative, Mrs. Ralph Lasbury. During the next few years it was used at the Lasburys' home in Connecticut as well as in their summer residence in Maine where the accident occurred.[3]

■ The question presented by plaintiff's motion is whether a foreign corporation, unregistered but actually transacting business in this state, may be effectively served with process under the statute in a suit by a Connecticut resident for an out-of-state injury caused by an appliance used occasionally in Connecticut, but manufactured and purchased elsewhere.

Section 33–411(a) is inapplicable because the defendant does not have a certificate of authority to do business in Connecticut. Conn.Gen.Stats. §§ 33–395, 33–396. The corporation does, however, transact sufficient business to bring it within the reach of section 33–411(b)[4] if the plaintiff's cause of action arose out of that business. Connecticut Tool & Mfg. Co. v. Bowsteel Distributors, Inc., 24 Conn.Supp. 290, 190 A.2d 236 (Cir. Ct.1963); Horn Construction, Inc. v. Stran-Steel Corporation, 26 Conn.Supp. 201, 202, 216 A.2d 833 (Cir.Ct.1965); Winchester Electronics Corp. v. General Products Corp., 198 F.Supp. 355 (D.Conn. 1961). Since the plaintiff makes no claim of service under this provision of the statute, and there being insufficient facts to find otherwise, the Court necessarily concludes the plaintiff concedes her cause of action did not arise out of the business transacted by the defendant in this state. Cf. Harvey v. Chemie Gruenthal, 354 F.2d 428 (2 Cir. 1965).

The only jurisdictional grounds urged by the plaintiff are section 33–411(c) (3) and (4). The stipulated facts, however, clearly place the plaintiff's claim beyond

2. See, for example, McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); Hanson v. Denckla, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

3. The accident is said to have happened while the plaintiff was checking the suction force of the electric broom by placing her palm over the nozzle connector. Her fingers were sucked into the fan housing and were severely lacerated.

4. The stipulation between the parties contains the following relevant facts concerning the business transacted by the defendant in Connecticut:

"4. During the pendency of this litigation, the defendant's products have been distributed by approximately nine independent wholesale companies and department stores in various cities throughout Connecticut, which brooms were obtained by such distributors and department stores by order submitted by them to the office of the Regina Corporation in New Jersey and which are shipped by common carrier to such distributors.

5. There have been approximately seven factory approved service and repair centers in the State of Connecticut.

6. The defendant has manufactured its goods with a reasonable expectation that such goods were to be used in the State of Connecticut, and its goods are being used in the State of Connecticut by citizens of the State of Connecticut.

7. The defendant will not claim in this litigation in respect to this issue that the dollar volume of sales of appliances and Electrik Brooms is minimal in nature."

the scope of the "use and distribution" provision of subsection (c) (3). The injury was caused by the use of the electric broom in Maine, not Connecticut. The occasional use of the appliance by the Lasburys in this state is not a nexus between Connecticut and the Regina Corporation sufficient to make it amenable to suit under the statute. Standards of fairness and reason, International Shoe Co. v. State of Washington, supra, do not require—if, indeed, they permit—judicial extension of the unambiguous language of the statute. Cf. Hanson v. Denckla, 357 U.S. 235, 251, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); LaPointe Industries v. Model Eng. & Mfg. Co., Civil No. 9497 (D.Conn.1963).

Nor does the "tortious conduct" provision of the statute aid the plaintiff. Subsection (c) (4) applies to tortious conduct *in this state*. Whether "tortious conduct" refers to the place where the injury happened, where the appliance was bought, or where the negligent act or omission occurred need not be decided.[5] If the injury controls, it is Maine; if the purchase is decisive, it is Massachusetts; if the manufacture is determinative, it is New Jersey. Moreover, even under plaintiff's theory of a continuing failure to warn, the claim arises from a negligent omission which occurred, if at all, out-of-state. The lack of a warning label on the electric broom while in Connecticut is at best *injuria absque damno*.

Inasmuch as the action exceeds the reach of the statute as written, the constitutional question whether Connecticut could provide for service of process in a suit of this nature is not reached.

Accordingly, the motion to strike is denied; the case is dismissed for lack of jurisdiction over the defendant.

5. See, Southern New England Distrib. Co. v. Berkeley Fin Co., 28 F.R.D. 43 (D. Conn.1962); Di Meo v. Minster Machine Co., 225 F.Supp. 569 (D.Conn.1964).

Compare, Sheridan v. Cadet Chemical Corp., 25 Conn.Supp. 17, 195 A.2d 766 (Sup.Ct.1963).