**MARVEL PRODUCTS, INC.**

v.

**The FANTASTICS, INC.;**
**Bernard Corbin.**

**Civ. No. 12779.**

United States District Court
D. Connecticut.

Dec. 13, 1968.

Burton M. Weinstein, Saltman, Weiss, Weinstein & Elson, Bridgeport, Conn., for plaintiff.

Thomas F. Parker, Gross, Hyde & Williams, Hartford, Conn., for defendants.

## RULING ON MOTION TO DISMISS

BLUMENFELD, District Judge.

The plaintiff, a Connecticut corporation, brought this suit for unfair competition against the defendant, a Florida corporation with its principal place of business in Georgia. Jurisdiction is claimed on the ground of diversity of citizenship.[1] An application for an injunction pendente lite was denied after a hearing. Decision on the corporate defendant's motion to dismiss for lack of jurisdiction was deferred for later consideration.[2] The parties having now

---

1. Although both parties have applications pending, neither plaintiff's nor defendant's mark has been registered under the Lanham Act, 15 U.S.C. § 1051 et seq. Jurisdiction, therefore, is based solely on diversity. See Hodgson v. Fifth Avenue Plastics, Inc., 94 F.Supp. 160 (S.D.N.Y. 1950).

2. In open court both parties orally stipulated that a judgment of dismissal for lack of jurisdiction should be entered in favor of the individual defendant, Bernard Corbin.

filed briefs and affidavits related to that issue it is ripe for decision.

The plaintiff manufactures and sells adhesive appliques (such as the flower patterns one sees affixed to some automobiles). They are packaged in lots of 10 or 12 for resale by retailers to customers. These packages bear a label reading "FANTAS-STICKS." The defendant manufactures and distributes a similar product under the label "FANTA-STICKS." In the spring of 1968, the plaintiff became aware of the defendant's product and notified the defendant, through its president and principal stockholder, that it considered the distribution of the defendant's product under its similar corporate name to be unfair competition. The defendant was served with process under the provisions of Connecticut's "long-arm" statute, Conn.Gen. Stats. § 33–411. The defendant's motion is based on lack of personal jurisdiction and insufficiency of service of process.

### Jurisdiction Over the Person

■ A federal district court, sitting in a diversity case, must look to state law to determine whether it may exercise jurisdiction over foreign corporations. Arrowsmith v. United Press Int'l, 320 F.2d 219, 222, 6 A.L.R.3d 1072 (2d Cir. 1963), overruling Jaftex Corp. v. Randolph Mills, Inc., 282 F.2d 508 (2d Cir. 1960). Sections 33–411(a) and (b) provide for jurisdiction over foreign corporations where the corporation is authorized to transact business within the state (§ 33–411(a)) or where the corporation is transacting business in the state in violation of Conn.Gen.Stats. § 33–396, upon a cause of action arising out of such business (§ 33–411(b)).

### Sections 33–411(a) and (b)

■■ Since the defendant is not authorized to transact business in Connecticut, it is clear that jurisdiction may not be acquired under § 33–411(a). More-

over, from an examination of the affidavits submitted by the parties,[3] it is apparent that § 33–411(b) is also inappropriate. This section provides for jurisdiction where a corporation is "transacting business" in Connecticut without obtaining a certificate of authority, as required by § 33–396. The affidavit supporting the defendant's motion to dismiss (and uncontradicted by the plaintiff) discloses that the defendant's only contacts with Connecticut have been five sales made to customers residing in Connecticut, all of the contracts being consummated outside of the state. The orders for four of the five sales were taken in New York at a trade show where both parties exhibited their products. The fifth order came to the defendant at its offices in Atlanta, Georgia, through the mail. The goods so purchased were prepaid or shipped F.O.B. Atlanta, Georgia. The defendant also sold appliques to two national chains of retail stores, these appliques eventually coming to outlets in Connecticut. However, these purchases were made by personnel not in Connecticut, and were billed to, and paid for by, purchasing departments outside the state. With one exception, all sales to these national chains were shipped by the defendant to destinations without the state and, presumably, were later reshipped by them to their various retail stores. One shipment was made by the defendant directly to one of their stores in Connecticut. Aside from these transactions the defendant has no other contacts with the state. It has no sales representatives within the state, makes no solicitations here, nor does it advertise within the state.

Connecticut's long-arm statute is obviously not designed to reach to the constitutionally permissible limit of jurisdiction over foreign corporations. Connecticut General Statutes § 33–397(b) states:

"Without excluding other activities which may not constitute transacting

---

3. The motion may be tested by affidavits submitted by the parties. Southern New England Distrib. Corp. v. Berkeley Fin. Corp., 30 F.R.D. 43, 46–47 (D.Conn. 1962).

business in this state, a foreign corporation shall not be considered to be transacting business in this state, for the purposes of this chapter, by reason of carrying on in this state any one or more of the following activities: * * (5) soliciting or procuring orders, whether by mail or through employees or agents or otherwise, where such orders require acceptance without this state before becoming binding contracts; * * * (8) transacting business in interstate commerce; * * *."

This defendant's contacts with Connecticut were far from sufficient to constitute "transacting business" within the meaning of § 33–411(b). *See* Electric Regulator Corp. v. Sterling Extruder Corp., 280 F.Supp. 550, 554–555 (D. Conn.1968); Southern New England Distrib. Corp. v. Berkeley Fin. Corp., 30 F.R.D. 43, 45–46 (D.Conn.1962).

### Section 33–411(c) (3)

 If this court may exercise jurisdiction over the defendant, its authority must be found in either subsections (3) or (4) of § 33–411(c). The plaintiff relies primarily on subsection (3), which provides for jurisdiction over foreign corporations for causes of action which arise "out of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed * * *." Although the defendant's conduct would support jurisdiction over it in a suit by a "user or consumer" of its appliques, the question is whether Connecticut's legislature intended such conduct to afford jurisdiction in its courts in a suit for unfair competition by a competitor.

In Buckley v. New York Post Corp., 373 F.2d 175, 20 A.L.R.3d 942 (2d Cir. 1967), the Court of Appeals held that subsection (3) did not embrace libel actions. It regarded § 33–411(c) (3) as a special exception to the jurisdictional requirement of "tortious conduct within the state" of subsection (4), created for the purpose of enabling Connecticut's courts to exercise jurisdiction over foreign corporations in products liability actions arising from use or consumption of goods in Connecticut. The reasoning of Judge Friendly in *Buckley*, 373 F.2d at 177–178, that " 'used or consumed' is scarcely a natural way to describe reading a newspaper" applies with no less force to a retailer's purchase of appliques for purpose of resale. A cause of action for unfair competition arises not out of the consumption or use of goods, but rather out of passing them off as goods of another. See Williams v. Brooks, 50 Conn. 278, 283 (1882); Restatement of Torts §§ 711, 717 (1938).

### Section 33–411(c) (4)

Since the defendant's conduct is properly classified as tortious, the question remains whether jurisdiction over it may be obtained under subsection (4) of § 33–411(c). Subsection (4) provides for jurisdiction over a foreign corporation where the cause of action arises "out of tortious conduct in this state * * *." Although the exception to subsection (4) fashioned in subsection (3) tacitly emphasizes the argument that no other exception to subsection (4) is to be implied, the question whether "tortious conduct in this state" should be literally read to mean the *place where* the tortious conduct occurred was expressly left open in *Buckley*. 373 F.2d at 178–179, nn. 2 & 3. But see Southern New England Distrib. Corp. v. Berkeley Fin. Corp., 30 F.R.D. 43, 47 (D.Conn.1962). In holding that Connecticut had jurisdiction over the Post under subsection (4), the *Buckley* court found, 373 F.2d at 178, that the place of wrong was in Connecticut where the defamatory statements were communicated and that the defendant had distributed its newspapers in Connecticut.[4] But in this case the wrong in its entirety took place before the goods reached Connecticut. It was not simply

4. Some of the Post's readers in Connecticut received their papers from the Post through mail subscription.

the application of the plaintiff's mark upon the packages containing the appliques which constituted the defendant's alleged tortious conduct, but the "passing off" by the defendant of the goods under the infringing mark. As Judge Waterman stated in Vanity Fair Mills, Inc. v. T. Eaton Co., 234 F.2d 633, 639 (2d Cir.), *cert. denied,* 352 U.S. 871, 77 S.Ct. 96, 1 L.Ed.2d 76 (1956), "the wrong takes place not where the deceptive labels are affixed to the goods or where the goods are wrapped in the misleading packages, but where the passing off occurs, i. e., where the deceived customer buys the defendant's product in the belief that he is buying the plaintiff's." While the issue there was choice of law, not personal jurisdiction, the basis for determining the place of the wrongful conduct is the same: Where were the wrongful *acts* performed? Cf. Hanson v. Denckla, 357 U.S. 235, 252–254, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958).

Therefore, jurisdiction may be founded on § 33–411(c) (4) only if the *passing off by the defendant* of products in a package carrying the allegedly infringing mark was done in Connecticut. The only sales the defendant made were to retailers, and, as discussed above, these sales were not made in Connecticut. No advertising or solicitation of business was done in Connecticut. The sales themselves—sometimes a relevant factor, cf. Agrashell, Inc. v. Bernard Sirotta Co., 344 F.2d 583, 587 (2d Cir. 1965)—were not consummated in Connecticut. Any resales subsequently made in Connecticut by independent retailers cannot serve as a basis for jurisdiction over the defendant. While it is possible that such sales may constitute *independent* acts of infringement and unfair competition by the retailers, *see* Restatement of Torts § 734 (1938), they cannot be treated as acts of the defendant. There having been no tortious conduct by the defendant within Connecticut, there is no jurisdiction under § 33–411(c) (4).

For the foregoing reasons, no jurisdiction over the defendant is obtained under Conn.Gen.Stats. § 33–411, and, therefore, the defendants' motion to dismiss is granted for lack of jurisdiction over their persons.

So ordered.