Lillia B. HOVER, et al.,

v.

ASBESTOS CORP., LTD., et al.

William BOSTON, et al.,

v.

ASBESTOS CORP., LTD., et al.

Robert CHECHOSKI, et al.,

v.

ASBESTOS CORP., LTD., et al.

Raymond SMITH, et al.,

v.

ASBESTOS CORP., LTD., et al.

Viola MINAFRI

v.

ASBESTOS CORP., LTD., et al.

David ATTARDO, et al., ·

v.

ASBESTOS CORP., LTD., et al.

Ronald CRYOSKIE, et al.,

v.

ASBESTOS CORP., LTD., et al.

Donald J. LOMME, et al.,

v.

ASBESTOS CORP., LTD., et al.

Ralph SQUIER, et al.,

v.

ASBESTOS CORP., LTD., et al.

C.M.L. No. 8.

Civ. Nos. H–82–465(AHN), H–82–739(AHN), H–84–893(AHN) to H–84–897(AHN), H–84–941(AHN) and H–85–433(AHN).

United States District Court, D. Connecticut.

June 9, 1986.

John F. Murphy, Jr., Robinson & Cole, Hartford, Conn., for plaintiffs.

Frederick B. Tedford, Joyce Lagnese, Danaher, Tedford, Lagnese and Neal, P.C., Hartford, Conn., for defendants.

## RULING ON BELL ASBESTOS'S MOTION TO DISMISS FOR LACK OF JURISDICTION

NEVAS, District Judge.

Bell Asbestos Mines, Limited ("Bell Asbestos") is one of many defendants in the nine asbestos actions, based on diversity jurisdiction, captioned above and designated as C.M.L. No. 8. Plaintiffs seek damages for injuries caused by exposure to asbestos products at their place of employment, Raybestos–Manhattan Friction Materials Company ("Raymark"),[1] located in Stratford, Connecticut. Raymark had purchased asbestos ore from Bell Asbestos. Bell Asbestos is a foreign corporation, incorporated under the laws of Canada, with its principal place of business in Thetford Mines, Quebec, Canada.

Bell Asbestos now moves to dismiss these actions pursuant to Rule 12(b)(2), Fed.R.Civ.P., on the ground that there is no *in personam* jurisdiction over it.[2] Specifi-

---

1. Raybestos is now known as Raymark Industries, Inc.

2. Counsel for Bell Asbestos previously filed a similar motion to dismiss for lack of personal jurisdiction on behalf of Asbestos Corporation, Limited, another C.M.L. No. 8 defendant. Like

Bell Asbestos, Asbestos Corporation is a Canadian corporation whose only contact with Connecticut was that it mined asbestos ore in Canada and sold it to Raymark. On May 25, 1984, Senior Judge Blumenfeld denied Asbestos Corporation's motion to dismiss. *Bull v. Asbestos*

cally, Bell Asbestos contends that Connecticut's long-arm statute does not confer personal jurisdiction over it and that an exercise of jurisdiction under the long-arm statute would violate constitutional due process. For the following reasons, these motions are denied.

## DISCUSSION

This diversity court's path of inquiry to determine whether there is jurisdiction over a foreign corporation is well marked. The court must look to state law to determine if there is personal jurisdiction over Bell Asbestos, a foreign corporation. This involves a two-tiered inquiry of (1) whether Connecticut's long-arm statute reaches Bell Asbestos, and, if so, (2) whether such statutory reach exceeds the "minimum contacts" test required for constitutional due process. *See McFaddin v. National Executive Search, Inc.*, 354 F.Supp. 1166, 1168 (D.Conn.1973) (Newman, J.).

A. *First Tier of Inquiry—Connecticut's Statutory Requirements For In Personam Jurisdiction Over A Foreign Corporation*

The first tier of inquiry is whether a foreign corporation's conduct within a forum state is sufficient to subject it to legal process according to that forum state's long-arm statute. In Connecticut, *in personam* jurisdiction over a foreign corporation cannot be sustained unless the requirements of Connecticut's long-arm statute, Conn.Gen.Stat. Section 33–411, are met. This statute provides, in pertinent part, that

> [E]very foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows: (1) Out of any con-

tract made in this state or to be performed in this state; or (2) out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state; or (3) out of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers; or (4) out of tortious conduct in this state, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance.

Conn.Gen.Stat. Section 33–411(c).

In order to assert jurisdiction over a foreign corporation under subsection (c), the court must find a "nexus between the cause of action alleged and [the] conduct of the defendant within the state as specified in its various clauses." *Fuehrer v. Owens–Corning Fiberglas Corp.*, 673 F.Supp. 1150, 1154 (D.Conn.1986) (Blumenfeld, J.). However, subsection (c) does not specifically require that the corporation ever transact business in Connecticut. *Id.*

B. *Second Tier of Inquiry—Constitutional Requirement of "Minimum Contacts"*

The second tier of inquiry is whether Connecticut's long-arm statute, once reaching a foreign corporation, exceeds the minimum contacts test required for constitutional due process. Under the due process standard a corporation must have "minimum contacts" with the forum state. *See World–Wide Volkswagon Corp. v. Woodson*, 444 U.S. 286, 291, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980); *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). The

*Corp., Ltd.,* No. H–82–463 slip op. (D.Conn.1984) [Available on WESTLAW, 1984 WL 7957]. Bell Asbestos fails to persuade this court that the

well-reasoned holding in *Bull* should not apply in deciding its lack of personal jurisdiction motion.

contacts must be of a nature where "the traditional notions of fair play and substantial justice" are not offended by requiring a party to defend his case in the forum state. *International Shoe Co.*, 326 U.S. at 316, 66 S.Ct. at 158, *quoting Milliken v. Meyer*, 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278 (1940). The defendant's "conduct and connection with the forum State [should be] such that he should reasonably anticipate being haled into court there." *World–Wide Volkswagon*, 444 U.S. at 297, 100 S.Ct. at 567. Therefore, the due process requirement will not be satisfied where there is only a mere likelihood that a product will find its way into the forum state. *Id.*

### C. *Defendant's Motion to Dismiss for Lack of Jurisdiction*

 Upon the filing of a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), Fed.R.Civ.P., a plaintiff has the burden of proving personal jurisdiction over a defendant, *United States v. Montreal Trust Co.*, 358 F.2d 239, 242 (2d Cir.), *cert. denied*, 384 U.S. 919, 86 S.Ct. 1366, 16 L.Ed.2d 440 (1966), and must support his allegation of personal jurisdiction with actual proof. *Bowman v. Grolsche Bierbrouwerij B.V.*, 474 F.Supp. 725, 728 (D.Conn.1979). The motion will be denied where a plaintiff is able to make a prima facie showing that the defendant's conduct was sufficient for the court to exercise *in personam* jurisdiction. *Id.* A prima facie showing of jurisdiction may be made through affidavits and supporting materials without any need for oral argument. *See, e.g., Marvel Products, Inc. v. Fantastics, Inc.*, 296 F.Supp. 783, 785 (D.Conn. 1968).[3]

### 1. *Connecticut's Long–Arm Statute*

The Connecticut long-arm statute provides that a foreign corporation, regardless of whether it transacts business in the state, is subject to suit by a resident of Connecticut. Conn.Gen.Stat. Section 33–

411(c). Plaintiffs are alleged to be residents of Connecticut. A foreign corporation is subject to legal process in Connecticut where a cause of action arises out of the corporation's production, manufacture or distribution of a goods with the corporation's "reasonable expectation" that the goods will be used in the forum state. Conn.Gen.Stat. Section 33–411(c)(3). It is beyond question in this jurisdiction that the mere fact that goods are produced and sold outside this jurisdiction does not defeat jurisdiction under the long-arm statute. *Bull v. Asbestos Corp., Ltd.*, No. H–82–463, slip. op. at 7 (D.Conn. May 25, 1984) (Blumenfeld, J.) (Where the court, presented with facts nearly identical to the facts in this case, found that it had personal jurisdiction over a Canadian corporation because it "should reasonably have expected that its asbestos ore would be used in Connecticut and that it would be haled into court here, if its ore caused an injury here.").

 Plaintiffs' Exhibit I, entitled "Supply Information–Bell Asbestos Ltd.," attached to their memorandum, clearly demonstrates that Bell Asbestos had a reasonable expectation that its goods would be used in Connecticut. Exhibit I also includes purchase orders and other correspondence between the Connecticut purchaser, Raymark, and Bell Asbestos. These uncontested documents, dated as early as December 7, 1966, and sent to and by Bell Asbestos, all include Raymark's address. The documents suggest Bell Asbestos could expect with near certainty that its products were being used in Connecticut, and if injury resulted from the use of the products, it could expect to be named as a defendant in a Connecticut court.

In this case, Bell Asbestos has submitted duplicate affidavits by Octave Mousseau, Vice President and Treasurer of Bell Asbestos, and Alain Dulude, Legal Counsel of Bell Asbestos, attesting that it "has not and does not conduct business in the State of Connecticut." (Mousseau and Dulude

---

**3.** A hearing on this motion was cancelled after Bell Asbestos's counsel informed the court that it would rest on its papers.

affidavits para. 7). The facts attested to in their affidavits concerning Bell Asbestos's absence of contact with Connecticut are not disputed. These facts are as follows. Bell Asbestos neither negotiated shipping terms nor formed an actual shipping contract in Connecticut. All offers made by Raymark to Bell Asbestos were handled exclusively in the Bell offices in Quebec, Canada. Bell Asbestos has never registered with Connecticut's Secretary of State as a foreign corporation; it has no agents, employees, or offices in Connecticut; it has no accounts or real or personal property in Connecticut; it has neither received mail nor maintained telephones in Connecticut; it has never been a party to a law suit in Connecticut for recovery of accounts receivable or owing; and it has neither warehouse space, storage facilities nor offices in Connecticut.

■ In addition, the fact that Bell Asbestos mines its asbestos ore in Canada and sells it F.O.B., does not prevent Bell Asbestos from being subject to personal jurisdiction under Connecticut's long-arm statute. The assertion that Bell Asbestos always sold its raw material F.O.B. Canada is immaterial in determining whether there is personal jurisdiction over it. The legislative purpose behind section 33–411(c)(3) "was to confer jurisdiction in products liability suits over manufacturers who did not themselves ship their products to Connecticut." *Bull*, slip op. at 4, *citing Buckley v. New York Post Corp.*, 373 F.2d 175, 177–78 (2d Cir.1967). In *Marvel Products, Inc.*, 296 F. Supp. at 786, Judge Blumenfeld stated, in dicta, that where a foreign corporation sold its products F.O.B. and sold a limited amount of its products to residents of Connecticut, and the products were used or consumed in Connecticut, the long-arm statute would confer jurisdiction over the foreign corporation.

Bell Asbestos asserts that Section 33–411(c)(3) is inapplicable and cites, without explanation, *DiMeo v. Minster Machine Co., Inc.*, 225 F.Supp. 569 (D.Conn.1963). (Bell Asbestos's Memorandum at 7). The defendant in *DiMeo*, a Michigan manufacturer of valves, sold a valve to another Michigan company who installed that valve in a press at its Ohio plant. The press was later sold to a Connecticut company. In dismissing the action, the court held that the defendant did not reasonably expect that its valve would be used in Connecticut and that the presence of the valve in Connecticut did not constitute sufficient minimal contacts with the state. *Id.* at 571–72. The citation to *DiMeo* is unavailing in view of the facts before this court. Plaintiffs' actions arose out of Bell Asbestos's numerous direct sales of asbestos ore to a Connecticut corporation. Therefore, Bell Asbestos should have reasonably expected that its asbestos ore would be used in Connecticut.

In view of Bell Asbestos's contact with Raymark, a Connecticut business whose Connecticut employees were exposed to the asbestos ore it had purchased from Bell Asbestos, the long-arm statute confers jurisdiction over Bell Asbestos.

### 2. *Constitutional Due Process*

■ The constitutional requirements of "minimum contacts" have been satisfied, rendering Bell Asbestos's constitutional argument unavailing. Through their exhibits, plaintiffs have demonstrated that Bell Asbestos could have reasonably anticipated being haled into a Connecticut court. *World–Wide Volkswagon*, 444 U.S. at 297, 100 S.Ct. at 567. Bell Asbestos's otherwise thorough affidavits presented in support of its motion to dismiss fail to state whether it expected its goods to be used in Connecticut. The continuous series of correspondence and transactions between Bell Asbestos and Raymark over the course of many years precludes any justifiable assertion that Bell Asbestos lacks sufficient relations, ties, or contacts with Connecticut, the forum state.

Accordingly, plaintiffs have made a prima facie showing of conduct sufficient to justify the exercise of personal jurisdiction over Bell Asbestos without offending the "traditional notions of fair play and substantial justice." *International Shoe Co.*, 326 U.S. at 316, 66 S.Ct. at 158.

## CONCLUSION

For the foregoing reasons, plaintiffs have made a prima facie showing and, therefore, defendant Bell Asbestos's motions to dismiss for lack of personal jurisdiction are denied. Furthermore, this ruling shall apply to all cases within the designation C.M.L. Numbers 3 through 11 in which Bell Asbestos is named defendant *unless* Bell Asbestos can present material facts critical to the determination of personal jurisdiction that were not presented to the court in these motions.