**TURBINE ENGINE CORPORATION,**
**Plaintiff,**

v.

**CHROMALLOY AMERICAN CORPORA-**
**TION, Defendant.**

**Civ. No. 11570.**

United States District Court
D. Connecticut.

Feb. 9, 1967.

Alexander Winnick, of Winnick & Winnick, New Haven, Conn., for plaintiff.

John D. Fassett, of Wiggin & Dana, New Haven, Conn., for defendant.

TIMBERS, Chief Judge.

In this antitrust action pursuant to 15 U.S.C. §§ 1–27, alleging monopoly and restraint of trade in the field of repair of jet engine nozzle guide vanes, defendant has moved, pursuant to Rule 12(b) (3), Fed.R.Civ.P., for an order dismissing the action for the reason that venue is not properly laid in this District.

The essential question presented is whether defendant corporation is transacting business in the District of Connecticut within the meaning of Section 12 of the Clayton Act, 15 U.S.C. § 22. The Court holds that defendant is so transacting business in this District, and is therefore of the opinion that venue is properly laid, and that the instant motion should be denied in all respects.[1]

---

1. Defendant has also moved, pursuant to Rule 12(b) (5), for an order dismissing the action or quashing service for the rea-son that service upon the Secretary of State of the State of Connecticut is insufficient under the antitrust laws, since

The question of venue is controlled by Section 12 of the Clayton Act, 15 U.S.C. § 22, which provides in pertinent part:

"Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business. . . ."

■ The test of "transacting business" within the meaning of this statute is a practical and common-sense test, designed to facilitate plaintiff's choice of forum, and is applied under the particular facts presented by each case upon a liberal inquiry as to whether a corporation is involved in commercial dealings, in the ordinary and usual sense, of any substantial character in the proposed forum district.[2]

Defendant is a New York corporation; it maintains no office or telephone listing in Connecticut, and is not licensed to do business in this state. On the other hand, defendant does employ a customer relations representative who makes business calls in Connecticut for defendant; the corporation also has substantial dealings with the Pratt & Whitney Division of United Aircraft Corporation of Hartford, Connecticut.

This last fact is of critical significance to the Court's ruling on the instant motion, for if such dealings give rise to sales and deliveries in Connecticut, plaintiff's choice of forum should be upheld.[3]

■ Defendant has been engaged by Pratt & Whitney to coat jet nozzle guide vanes with certain patented substances which increase heat and wear resistance of metal surfaces; the coating process takes place in defendant's plant in New York, and the permanently alloyed parts are then shipped into Connecticut. In the view taken by the Court, to characterize such a course of commercial transactions as simply the performance of an out-of-state "service" would be inaccurate; the addition of defendant's special compounds qualitatively transforms jet engine components so that the element of sale of a product is an integral part of the process. Such sales are completed by delivery of the goods in Connecticut. It must therefore be concluded that defendant corporation is indeed transacting business, in the ordinary and usual sense of that concept, within the District of Connecticut.[4]

## CONCLUSION

Defendant having transacted business of a continuous and substantial nature in the District of Connecticut, within the meaning of 15 U.S.C. § 22, venue is properly laid in this District, and defendant's motion, pursuant to Rule 12(b), Fed.R. Civ.P., is denied in all respects.

2. defendant is a New York corporation and is "found" in, or is an "inhabitant" of, that state alone. See 15 U.S.C. § 22. The Court finds it unnecessary to rule upon that contention; personal service has also been effected upon defendant in New York, and defendant has conceded that such extraterritorial service is proper and sufficient if venue is validly laid in this District. See, e. g., Friedman v. United States Trunk Company, 30 F.R.D. 148, 150 (S.D.N.Y.1962); 1 Moore's Federal Practice, ¶ 0.144 [15], at 1671 (2d ed. 1964).

2. See United States v. Scophony Corp., 333 U.S. 795, 807–808 (1948); Eastman Kodak Co. v. Southern Photo Co., 273 U.S. 359, 373 (1927); Hoffman Motors Corporation v. Alfa Romeo S.p.A., 244 F.Supp. 70, 75 (S.D.N.Y.1965).

3. See, e. g., B. J. Semel Associates, Inc. v. United Fireworks Mfg. Co., 355 F.2d 827, 831–833 (D.C.Cir.1965); Sunbury Wire Rope Mfg. Co. v. United States Steel Corp., 129 F.Supp. 425, 427 (E.D.Pa. 1955).

4. See Sunbury Wire Rope Mfg. Co. v. United States Steel Corp., supra.