The **CHEMICAL SPECIALTIES SALES CORPORATION—INDUSTRIAL DIVISION, Plaintiff,**

v.

**BASIC INCORPORATED, Defendant.**

Civ. No. 12316.

United States District Court
D. Connecticut.

Sept. 25, 1968.

Armand Cifelli, Garold E. Bramblett, Jr., Wooster, Davis & Cifelli, Albert J. Kleban, Bridgeport, Conn., for plaintiff.

William R. Murphy, Arthur H. Latimer, c/o Tyler, Cooper, Grant, Bowerman & Keefe, New Haven, Conn., William E. Thompson, Jr., John W. Renner, Oberlin, Maky, Donnelly & Renner, Cleveland, Ohio, for defendant.

## MEMORANDUM OF DECISION

ZAMPANO, District Judge.

This is a motion under Rule 12(b) (2), (3) and (5), Fed.R.Civ.P., to dismiss the complaint on the following grounds: (1) lack of jurisdiction over the defendant, Basic Incorporated; (2) improper venue; and (3) insufficiency in the service of process.

The complaint is in three counts. The first count alleges a cause of action under the antitrust laws of the United States, the second count sets forth a claim of unfair competition under the laws of the State of Connecticut, and the third count seeks a declaratory judgment of non-infringement and invalidity of United States Patent, 2,781,005.

The plaintiff, Chemical Specialties Sales Corporation—Industrial Division ("Chemical"), is a Connecticut corporation; the defendant, Basic Incorporated ("Basic"), is a corporation organized under the laws of the State of Ohio, with its principal place of business in Cleveland. Both parties produce and sell a fuel oil additive containing magnesium oxide, which purchasers add to fuel burned in utility, marine and industrial boilers. Basic owns the patent in suit, which it contends covers its fuel oil additive. In July, 1967, the defendant wrote a letter to the plaintiff charging it and its customers with infringement of the patent and suggested that a nonexclusive licensing agreement be entered into by the parties. Negotiations failed and this suit was instituted. Subsequently, defendant filed an action for infringement of its patent against one of Chemical's customers in Florida. The United States District Court for the Middle District of Florida, Scott, J., has stayed the proceedings in the Florida suit.

I

Jurisdiction over the antitrust action (Count I) has been challenged on the grounds of improper venue and defective service. Venue concerns the locality of the suit and thereby limits the forums available to the plaintiff; service of process must furnish reasonable notice to the defendant of the proceedings to afford him the opportunity to appear and be heard.

The question of venue is controlled by Section 12 of the Clayton Act, 15 U.S.C. § 22, which provides in pertinent part:

Any suit, action, or proceeding under the antitrust laws against a corporation may be brought not only in the judicial district whereof it is an inhabitant, but also in any district wherein it may be found or transacts business * * *.

In Eastman Kodak Company of New York v. Southern Photo Materials Company, 273 U.S. 359, 47 S.Ct. 400, 71 L.

Ed. 684 (1927), the Supreme Court stated:

> * * * a corporation is engaged in transacting business in a district, within the meaning of this section, in such sense as to establish the venue of a suit—although not present by agents carrying on business of such character and in such manner that it is "found" therein and is amenable to local process,—if in fact, in the ordinary and usual sense, it "transacts business" therein of any substantial character. 273 U.S. at 373, 47 S.Ct. at 403.

This common sense test of transacting business was "designed to facilitate plaintiff's choice of forum, and is applied under the particular facts presented by each case upon a liberal inquiry as to whether a corporation is involved in commercial dealings, in the ordinary and usual sense, of any substantial character in the proposed forum district." Turbine Engine Corporation v. Chromalloy American Corporation, 265 F.Supp. 766, 767 (D.Conn.1967).

■ Basic is not licensed to do business in Connecticut and maintains no office, real estate, bank account, telephone listing, representative or agent in Connecticut. On the other hand, the uncontroverted facts disclose the defendant engaged in the following activities, among others, within this state:

1) Basic since 1965 has sold and solicited the sale of its products in Connecticut, including its "Liqui-Mag" fuel oil additive.

2) It solicits orders for magnesium oxide and for "LiquiMag" fuel oil additive by advertisements in trade journals in this state.

3) It sends sales personnel into Connecticut "from time to time" to solicit sales of its products, not on a prescheduled basis, "but as necessary to achieve its sales objectives." In 1967, at least three such visits were made.

4) Officers of Basic have made personal visits to sales prospects in this state to solicit orders for its products, including "LiquiMag."

5) Consultants and technical personnel employed by Basic have come into Connecticut to assist Basic's customers on the use of "Liqui-Mag."

6) The plaintiff has purchased magnesium oxide from the defendant with delivery in Connecticut.

7) Single shipments of "LiquiMag" have been sold and delivered in Connecticut to two utility companies and a chemical company. (It is stipulated that "LiquiMag" was being consumed in this state during 1968).

8) Basic has a utility company as a regular customer in Connecticut.

9) In 1966, Basic sent a letter to its customers regarding United States Patent, 2,781,005, advising that it had acquired a license under the patent permitting its customers to use "LiquiMag." The letter indicated that its customers' use of the additive infringed the patent.

An evaluation of these facts, particularly in the light of the type of product and business involved, convinces this Court that the plaintiff has demonstrated continuous and substantial business activities by the defendant in the State of Connecticut. The defendant is transacting business in this state to a degree that it is reasonable for it to defend the instant suit. Venue requirements have been met. Turbine Engine Corp. v. Chromalloy American Corp., supra, 265 F.Supp. 766; Courtesy Chevrolet, Inc. v. Tennessee Walking Horse Breeders' and Exhibitors' Association, 344 F.2d 860 (9 Cir. 1965); School Dist. of Philadelphia v. Harper & Row Publishers, Inc., 267 F.Supp. 1006 (E.D. Pa.1967); School Dist. of Philadelphia, Com. of Pa. v. Kurtz Bros., 240 F.Supp. 361 (E.D.Pa.1965); Raul International Corp. v. Nu-Era Gear Corp., 28 F.R.D. 368 (S.D.N.Y.1961).

The defendant's further contention that service of process was insufficient is without merit. The extraterritorial service privilege in an antitrust suit is given when the venue requirements have been met. Goldlawr, Inc. v. Heiman, 288 F.2d 579, 581 (2 Cir. 1961). Although it is difficult to understand why the plaintiff did not simply serve the defendant in Ohio as permitted by the Federal Rules, service in this case under Connecticut's "long arm" statute was proper. Hoffman Motors Corporation v. Alfa Romeo S.p.A., 244 F.Supp. 70, 79–81 (S.D.N.Y.1965); Japan Gas Lighter Association v. Ronson Corp., 257 F.Supp. 219, 231 (D.N.J.1966).

The defendant's contention that it is exempt from suit and service under Connecticut's "long arm" statute is not persuasive. Connecticut's "long arm" statute contains a tripartite classification of foreign corporations on which service is permitted. Conn. Gen. Stat. § 33–411 (a), (b), and (c). The statute—while perhaps not stretching to the outer limits of constitutional permissibility, Southern New England Distrib. Corp. v. Berkeley Finance Corporation, 30 F.R.D. 43 (D. Conn.1962); Lee v. Regina Corporation, 253 F.Supp. 825 (D.Conn.1966);—is certainly far-reaching. Cf. Buckley v. New York Post Corporation, 373 F.2d 175 (2 Cir. 1967); Scher v. HMH Publishing Co., Inc. d/b/a Playboy, 289 F. Supp. 917 (D.Conn., Sept. 19, 1968); Michael Schiavone & Sons, Inc. v. Galland-Henning Mfg. Co., 263 F.Supp. 261 (D.Conn.1967); Horn Construction, Inc. v. Stran-Steel Corporation, 26 Conn. Sup. 201, 216 A.2d 833 (1965); Sheridan v. Cadet Chemical Corp., 25 Conn. Sup. 17, 195 A.2d 766 (1963).

Section 33–411(a), permitting service upon a foreign corporation authorized to transact business in this state, is inapplicable because Basic does not have a certificate of authority to do business in Connecticut. Section 33–411(b) subjects an unregistered foreign corporation to suit upon any cause of action arising out of business transacted in this state. Section 33–411(c) permits substituted service upon a foreign corporation, whether or not it is transacting business here, if the cause of action arises out of "tortious conduct in this state."

Basic claims exemption from the provisions of § 33–411(b) by reason of § 33–397(b) which enumerates certain business activities of foreign corporations which by law do not constitute "transacting business." The one pertinent to this case reads: " * * * (8) transacting business in interstate commerce." The short answer to defendant's contention is that, along with certain aspects of its business which were conducted in interstate commerce, it engaged in intrastate activities in Connecticut to an extent that maintenance of this suit does not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. State of Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). We do not have here an isolated transaction of modest proportions unrelated to the claims in controversy. In addition to the defendant's many commercial contacts with this state, as set forth hereinbefore, Connecticut must be regarded as an important market for its product. One of its regular customers constitutes one of the only two electric utility companies in Connecticut. Defendant has had and presently has patent licensees in this state. There is no question the parties are in direct competition in this state for the fuel oil additive market. At one time Basic requested a meeting in Connecticut with officials of the plaintiff to discuss "ways to eliminate competition" in this state. The plaintiff alleges it has been harmed by Basic's threat of infringement suits against customers and potential customers in this state and it has been required to provide patent indemnification to customers in Connecticut and Florida.

The Court is convinced that the defendant's activities in this state directly relate to the plaintiff's causes of action

and provide the necessary nexus between the defendant and Connecticut to sustain the extraterritorial service of process within the provisions of the Connecticut "long arm" statute. The requirements of § 33–411(b) are satisfied.

## II

This Court also has jurisdiction over the plaintiff's remaining causes of action.

The third cause, under the Declaratory Judgment Act, 28 U.S.C. § 2201, seeks judgment of non-infringement and invalidity of defendant's patent and is clearly within the subject matter jurisdiction of this Court. 28 U.S.C. § 1338(a). The Act has no special venue provision and, therefore, venue is governed by the general venue statute which provides that a corporation may be sued in any district in which it does business. 28 U.S.C. § 1391(c). General Tire & Rubber Co. v. Watkins, 326 F.2d 926, 929 (4 Cir. 1964); Metropolitan Staple Corp. v. Samuel Moore & Co., 278 F. Supp. 85, 86 (S.D.N.Y.1967). The many business activities conducted by the defendant in Connecticut have been considered previously. Further discussion is not necessary; those contacts are sufficient to meet the doing business test of the general venue statute as well as being within the reaches of the venue criterion of the Clayton Act.

Venue in this District having been established, service of process in accordance with the state statute was proper. Fed.R.Civ.P. 4(e) and (f); United States v. First National City Bank, 379 U.S. 378, 381, 85 S.Ct. 528, 13 L.Ed.2d 365 (1965).

The plaintiff's second cause of action based on unfair competition is joined with a substantial and related claim under the patent laws and, therefore, this Court has jurisdiction under 28 U.S.C. § 1338(b). Hazel Bishop, Inc. v. Perfemme, Inc., 314 F.2d 399, 402–404, 5 A.L.R.3d 1031 (2 Cir. 1963); LeFebure Corporation v. Lefebure, Incorporated, 284 F.Supp. 617, 622 (E.D.La. 1968); Volkswagenwerk Aktiengesellschaft v. Church, 256 F.Supp. 626, 628 (S.D.Calif.1966).

Accordingly, defendant's motion to dismiss is denied.