The GERBER SCIENTIFIC INSTRU-
MENT COMPANY

v.

BARR AND STROUD LTD. and
D–Mac Limited.

Civ. No. 15372.

United States District Court,
D. Connecticut.

March 1, 1973.

Roger B. McCormick, Donald K. Huber, McCormick, Paulding & Huber, Hartford, Conn., for plaintiff.

William M. Cullina, Murtha, Cullina, Richter & Pinney, Hartford, Conn., Joseph A. DeGrandi, Richard G. Young, Browne, Beveridge, DeGrandi & Kline, Washington, D. C., for defendants.

BUILDING ON MOTION TO DISMISS

CLARIE, Chief Judge.

The plaintiff, Gerber Scientific Instrument Company, a corporation organized under the laws of the State of Connecticut and having its principal place of

business in this state, commenced this action in the District of Connecticut. It seeks a declaratory judgment that the defendants' patent, United States Reissue Patent Re 27,265, is invalid and has not been infringed by the plaintiff's manufacture of "photo head" apparatus. The defendants, Barr and Stroud, Ltd., and D-Mac, Ltd., are foreign corporations organized under the laws of Great Britain and having their principal place of business in Glasgow, Scotland. The latter have moved to dismiss this action for lack of *in personam* jurisdiction, Fed.R.Civ.P., 12(b) and said motion is granted.

The plaintiff manufactures and sells sophisticated electronic drafting apparatus used in the production of technical drawings, maps, and graphic displays. Some of this apparatus utilitizes electronic "photo heads," which control the movement of a light beam over photosensitive paper. The defendant Barr and Stroud, Ltd. also manufactures "photo heads," and the defendant D-Mac, Ltd., manufactures or sells drafting devices. The underlying dispute focuses upon the validity of the defendants' United States Reissue Patent. Re. 27,-265, on apparatus utilizing "photo heads." The immediate issue is whether, in a qualitative sense, the defendants' contacts with this district have been such that maintenance of the suit would not offend "traditional notions of fair play and substantial justice." International Shoe Co. v. State of Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).

■ It is beyond dispute that the defendants neither do business in Connecticut, nor employ agents, salesmen, or other persons to transact business in this state on their behalf. Moreover, there is nothing to indicate that the defendants maintain real estate, bank accounts, offices, or telephone listings in this district. The plaintiff, however, submits that the following contacts with this district are constitutionally sufficient: (1) that the defendants have obtained a United States Patent, which affects the rights and privileges of residents of every state; (2) that 28 U.S.C. § 1400 [1] empowers the defendants to institute a civil action for patent infringement in the district in which the alleged infringer resides or in which the alleged infringement has occurred; and (3) that at a series of meetings between the plaintiff and the defendants, one of which was held in Hartford, Connecticut, the defendants allegedly threatened to commence a patent infringement action against the plaintiff.

The plaintiff places great emphasis on the defendants' alleged accusations and threats at the Connecticut negotiation conference, that a patent infringement suit would likely follow. It claims that these accusations constitute a sufficient contact with the instant action, since the present action seeks a declaration of invalidity of that same patent. The plaintiff asserts that the threatened patent infringement action, constitutes a significant and adequate contact, since it would be invoking the benefit and protection of the laws of the forum and of the United States.

The defendants represent that their actions have been mischaracterized, and that "threat is an exaggerated word" to describe the discussions and negotiations which transpired between the parties at these various conference meetings.[2]

I. 28 U.S.C. § 1400 provides
"(a) Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights may be instituted in the district in which the defendant or his agent resides or may be found.
"(b) Any civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business."

2. Plaintiff's Exhibit 1 is a letter mailed to the plaintiff's counsel in Hartford by the defendants' British counsel. It is a three page document which purportedly expands upon the "threats" made by the defendants at their earlier meetings. The only portion of

Furthermore, counsel for the defendants represents that at the time of the Hartford, Connecticut, meeting, he personally represented only the defendant Barr and Stroud, Ltd., and not the co-defendant, D-Mac, Ltd.

Neither Chemical Specialties Sales Corp. v. Basic, Inc., 296 F.Supp. 1106 (D.Conn.1968), nor Japan Gas Lighter Assn. v. Ronson Corp., 257 F.Supp. 219 (D.N.J.1966) extends far enough to support the exercise of jurisdiction in this case. In *Chemical Specialties* the nonresident defendant had not only made accusations of patent infringement, it had also sold, solicited, and advertised its products in Connecticut. 296 F. Supp. at 1108. In *Japan Gas Lighter*, the Court found that the alien patentee, Nationale, by virtue of its agreement with the Ronson Corporation, a New Jersey Corporation, had established significant contacts with the forum state. It held that

> "Within the meaning of *McGee* and *Hanson* Nationale has embarked upon an enterprise within the forum State which involves the benefits and protections of its laws." 257 F.Supp. at 234.

> . . . . . .

> "[T]hrough a series of *continuing ties* Nationale has set in motion *substantial operations* in New Jersey and availed itself of the benefits therefrom." *Id.* at 235 (emphasis added).

In the absence of sufficient contacts, the Court noted that 35 U.S.C. § 293 was available to obtain an adjudication of the rights of a non-resident patentee. *Id.* at 228.

> "§ 293 . . . provides a method for invoking the Court's personal jurisdiction over foreign defendants by effecting service upon them outside the United States. In this sense it is, in effect, a federal 'long-arm' statute whose constitutionality is premised on the District of Columbia situs of a United States patent." *Id.* at 227.

That section further provides,

> "Every patentee not residing in the United States may file in the Patent Office a written designation stating the name and address of a person residing within the United States on whom may be served process or notice of proceedings affecting the patent or rights thereunder. If the person designated cannot be found at the address given in the last designation, or if no person has been designated, the United States District Court for the District of Columbia shall have jurisdiction . . . . The court shall have the same jurisdiction to take any action respecting the patent or rights thereunder that it would have if the patentee were personally served within the jurisdiction of the court."

█ The bare unasserted statutory power of a defendant to sue in a particular jurisdiction is not such a significant contact that the one possessing it may be made a defendant therein against its will. In light of the purpose and effect of 35 U.S.C. § 293, the Court finds that by availing themselves of the benefits of the patent registration laws of the United States, the defendants did not establish a contact sufficient to subject them to the *in personam* jurisdiction of this district.

█ Section 293 envisions and encompasses just such a situation. The inconvenience which would result in prosecuting this action in the District of Columbia does not warrant a finding that the defendants' contacts with this district form a constitutionally permissible basis

the document that may be characterized as a "threat" is the following paragraph:

"We also refute the belief that U. S. RE 27265 would not be enforceable against Gerber because of the doctrine of 'intervening rights' in view of the failure of Gerber to establish any commercial posi-

tion on the basis of the relatively narrow claims in the original U. S. Patent. In any event, it appears that relief under this doctrine will not be available to Gerber's future customers who will be left open to the constant threat of litigation by B. & S. unless an agreement is reached."

for the exercise of jurisdiction over them.

Besides teaching that due process permits a dynamic, flexible, and expansive test for jurisdiction, International Shoe Co. v. State of Washington, *supra*; McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957); and Hanson v. Denckla, 357 U. S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958), also teach that at some point a minimum threshold must be demonstrated before such power rightfully may be exercised. The court is not satisfied that this threshold has been met in this case.

The defendants' motion to dismiss is granted. So ordered.