**CLEMCO CORPORATION, INC., Plaintiff,**

v.

**FRANTZ MANUFACTURING COMPANY, Defendant.**

**Civ. A. No. B-81-546 (RCZ).**

United States District Court, D. Connecticut.

Jan. 14, 1985.

Ernest C. LaFollette, Fairfield, Conn., for plaintiff.

David W. Schneider, Alice A. Bruno, Barry C. Hawkins, Tyler Cooper & Alcorn, New Haven, Conn., for defendant.

RULING ON MOTION TO DISMISS

ZAMPANO, Senior District Judge.

In this diversity action brought by Clemco Corporation ("Clemco"), a Connecticut corporation, against Frantz Manufacturing Company ("Frantz"), an Illinois corporation, the plaintiff seeks damages for the defendant's alleged breach of a regional sales representative agreement.

On September 29, 1983, Magistrate Latimer denied Frantz's motion to dismiss for lack of personal jurisdiction, but did so "without prejudice" and subject to "a hearing [that] may be held prior to the trial on the merits to determine all issues pertaining to *in personam* jurisdiction." This Court affirmed the Magistrate's ruling, and conducted a hearing concerning the jurisdictional dispute on December 6, 1984.

I

In April 1970, Mr. Peter R. Clem, Jr., on behalf of Clemco, entered into an oral contract with officials of Frantz in Illinois to be a manufacturer's representative for Frantz in New England and portions of New York and New Jersey. All customer orders were subject to acceptance by Frantz in Illinois, and the products were shipped directly by Frantz to the customers. For its services, Clemco was entitled to a five percent commission on all sales it arranged. Some of the sales made by Clemco were "on an annual basis," that is, the customer would place a large order on a particular date, but would request delivery in monthly installments over a one-year period. On these twelve-month sales, Clemco received its five percent commission after each of the installment shipments was sent to the customer. Thus, Clemco did not receive its full commission on "annual sales" at the time the customer entered into the sales agreement; rather, it received its commissions based on the monthly shipments made by Frantz.

On January 6, 1981, Frantz notified Clemco that the sales representative agreement would be terminated on March 31, 1981. Clemco does not contest Frantz's right to terminate the contract, but contends in this lawsuit that it is owed commissions for "annual sales" it consummated *prior* to March 31, 1981, deliveries of which occurred *after* March 31, 1981 on an installment basis. *See* Hearing Transcript Excerpt at 5 (Testimony of Clem) ("That is why I'm here, sir.").

## II

■ Because Frantz is not authorized or registered to do business in Connecticut, and has no agent for service of process in this state, Clemco claims that this Court has personal jurisdiction over Frantz pursuant to various subsections of the Connecticut long-arm statute. Conn.Gen.Stat. § 33–411. The familiar two-step analysis that the Court must follow is (1) whether the facts of this case make Frantz amenable to suit in Connecticut under the statute, and (2) if so, whether the exercise of jurisdiction comports with due process. *Arrowsmith v. United Press International,* 320 F.2d 219, 223 (2 Cir.1963). Clemco bears the burden of showing by a preponderance of the evidence that this Court has personal jurisdiction over Frantz. *Standard Tallow Corp. v. Jowdy,* 190 Conn. 48, 54, 459 A.2d 503, 507 (1983).

It seems clear that the gravamen of this lawsuit is the alleged breach of the sales representative contract by the failure of Frantz to pay Clemco the commissions due under that contract. Under Conn.Gen.Stat. § 33–411(c)(1), Frantz would be within the reach of the long-arm statute if Clemco's cause of action arises out of a contract "to be performed in this state."

Relying on *Glendinning Cos. v. Codesco, Inc.,* 3 Conn.L.Trib. No. 40, at 16 (Super.Ct.1977), Frantz argues that, although Clemco may have substantially performed its part of the contract in Connecticut,[1] only a *defendant's* performance is relevant to a determination of whether the contract is one "to be performed in this state." Because Frantz's own performance under the contract was limited to actions in Illinois, it contends § 33–411 is not applicable.

While *Glendinning* does support the principle that the "performance" under the statute must be by the defendant and not by the plaintiff, this Court with deference rejects the holding in that case. Far more persuasive is the reasoning in such cases as *Bowman v. Grolsche Bierbrouwerij B.V.,* 474 F.Supp. 725 (D.Conn.1979) (Daly, C.J.), and *Publications Group, Inc. v. American Soc. of Heating, Refrigerating and Air-Conditioning Engineers, Inc.,* 566 F.Supp. 316 (D.Conn.1983) (Eginton, J.).

In *Bowman,* Chief Judge Daly noted "[t]here is no indication that the Connecticut legislature intended that the language 'to be performed in the state' should be given a limited construction to require performance in this state by the party over whom jurisdiction is sought. It would not be appropriate, therefore, for this Court to impose such a limitation upon the statute." 474 F.Supp. at 731–32. *Cf. Chemical Specialties Sales Corp. v. Basic Inc.,* 296 F.Supp. 1106, 1109 (D.Conn.1968) (section 33–411, "while perhaps not stretching to the outer limits of constitutional permissibility [citations omitted] .... is certainly far-reaching"). In *Publications Group,* Judge Eginton found the *Glendinning* ruling overly narrow and "rather drastic," and quoted Judge Timbers' "alternative formulation" of the reach of § 33–411(c)(1) set forth in *Electric Regulator Corp. v. Sterling Extruder Corp.,* 280 F.Supp. 550, 556 (D.Conn.1968): " 'the section must be read to authorize the assertion of jurisdiction in every instance where a cause of action arises out of a contract to be performed here so long as there are sufficient total contacts to meet constitutional requirements.' " 566 F.Supp. at 319–20. *See also Lombard Bros., Inc. v. General Asset*

---

**1.** It cannot be seriously disputed that, pursuant to the express terms of the contract, Clemco was to render substantial performance in Connecticut, and that many of Frantz's largest customers in Connecticut were obtained through Clemco's efforts.

*Management Co.,* 190 Conn. 245, 256–57, 460 A.2d 481, 487 (1983) ("[a]rguably, even incidental acts of performance of contracts in this state would come within our statute if the defendant had other significant contacts with this state", citing *Bowman* and *Electric Regulator*).

 In addition, there is little question that Clemco's cause of action for sales commissions "arises out of" Frantz's alleged breach of the sales representative agreement between the parties, particularly with respect to the dispute over the scope and interpretation of the payment aspects of the agreement. *See* Hearing Transcript Excerpt at 4–5. Therefore, the requirements of § 33–411(c)(1) having been met, Frantz was properly served under Connecticut's long-arm statute.[2]

Finally, no extended discussion is necessary to support a finding that Frantz has had sufficient contacts with Connecticut to satisfy due process guarantees under principles enunciated in *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), and its progeny. Among other factors, Frantz had sales in Connecticut of $280,000 in 1979 through Clemco, in addition to sales to "house accounts" of more than $200,000. Further, Frantz advertised and sponsored events in this state, listed a Connecticut telephone number and address in trade directories, shipped products into this state with the risk of loss passing in Connecticut, had a salesman actively soliciting business here, sent price lists to customers in Connecticut, and serviced customers directly in this state. There is ample evidence that Frantz, in 1981 when the agreement was allegedly breached, was "purposefully avail[ing] itself of the privilege of conducting activities within the forum State." *Hanson v. Denckla,* 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958). Maintenance of this suit "does not offend 'traditional notions of fair play and substantial justice,'" *International Shoe,* 326

U.S. at 316, 66 S.Ct. at 158; therefore, the exercise of jurisdiction in this case is consistent with due process.

For the foregoing reasons, Frantz' motion to dismiss is denied.

---

**2.** In light of this finding, there is no need to consider the additional jurisdictional claims advanced by plaintiff.