**CHEMICAL TRADING, INC.**

v.

**MANUFACTURE de PRODUITS CHIMIQUES de TOURNAN, et al.**

**No. 3:93CV144(PCD).**

United States District Court, D. Connecticut.

Nov. 9, 1994.

Eric D. Grayson, Greenwich, CT, for plaintiff.

Richard P. Weber, Weber, Neville & Shaver, Stamford, CT, for defendants.

## RULING ON MOTION TO DISMISS

DORSEY, Chief Judge.

Plaintiff seeks a declaratory judgment that it is not liable for an allegedly defective delivery to defendant Manufacture de Produits Chimiques de Tournan ("MPCT"). MPCT moves to dismiss pursuant to Fed. R.Civ.P. 12(b)(2), 12(b)(5), 12(b)(6) or under the doctrine of *forum non conveniens*.

## I. BACKGROUND

Plaintiff is a Connecticut corporation with its principal place of business in Stamford, Connecticut. MPCT is a French corporation with its sole place of business in Paris, France. (Dkt. # 21). MPCT is not licensed to do business in Connecticut. It neither maintains an office nor has employees or agents within the state. (Dkt. # 21). At a trade show in Texas, MPCT orally agreed to purchase one hundred and fifty metric tons of maleic anhydride from plaintiff, shipped "CFR Antwerp." (Dkt. # 1, ¶ 7). On April 6, 1992, plaintiff confirmed the order, via telex to MPCT in Paris, France from its Stamford, Connecticut office. (Dkt. # 1, Exh. A). On May 12, 1992, plaintiff contracted with a supplier for the purchase of the maleic anhydride shipped "CFR Antwerp" from Bombay, India. The maleic anhydride was shipped from Bombay to Antwerp on May 19, 1992. (Dkt. # 1, Exh. E). In Antwerp, MPCT discovered that it was nonconforming, rejected it and notified plaintiff. (Dkt. # 21, ¶ 8).

## II. DISCUSSION

### A. Rule 12(b)(2)

MPCT moves to dismiss for lack of personal jurisdiction under Fed.R.Civ.P. 12(b)(2). The law of the forum state governs the exercise of *in personam* jurisdiction in a diversity suit. *Hoffritz For Cutlery, Inc. v. Amajac, Ltd.*, 763 F.2d 55, 57 (2d Cir.1985). Personal jurisdiction in diversity requires a two step inquiry. First, it must be determined whether defendant's conduct satisfies the requirements of the long-arm statute of

the forum state. Second, if it does, it must be determined whether the exercise of jurisdiction comports with the due process clause of the fourteenth amendment. *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); *Greene v. Sha–Na–Na,* 637 F.Supp. 591, 595 (D.Conn. 1986). Plaintiff must establish personal jurisdiction by a preponderance of the evidence. *Hoffritz,* 763 F.2d at 57. Until an evidentiary hearing, plaintiff merely must make a prima facie showing of jurisdiction. *Teleco Oilfield Services, Inc. v. Skandia Ins. Co.,* 656 F.Supp. 753, 756 (D.Conn.1987). All ambiguities in the pleadings and affidavits are construed in favor of the plaintiff. *Hoffritz,* 763 F.2d at 57.

### B. *Connecticut Long–Arm Statute*

#### 1. *§ 33–411(b)*

■ Conn.Gen.Stat. § 33–411(b) provides that "[e]very foreign corporation which transacts business in this state in violation of section 33–395 or 33–396 [1] shall be subject to suit in this state upon any cause of action arising out of such business." The term "transacting business" is not broadly interpreted in Connecticut. *Hagar v. Zaidman,* 797 F.Supp. 132, 135–36 (D.Conn.1992); *Electric Regulator Corp. v. Sterling Extruder Corp.,* 280 F.Supp. 550, 554 (D.Conn.1968). Defendant maintains no offices and has no employees in Connecticut. It has no bank accounts here nor does it advertise its products within the state. Defendant did nothing to transact business in Connecticut within the purview of section 33–411(b).[2]

#### 2. *§ 33–411(c)*

Conn.Gen.Stat. § 33–411(c) states:

[e]very foreign corporation shall be subject to suit in this state ... whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows: (1) Out of any contract made in this state or to be performed in this state; or (2) out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state. . . .

Plaintiff contends the contract was made in this state when it sent the confirmation to MPCT in France. (Dkt. # 26). In Connecticut, "a contract is considered made when and where the last thing is done which is necessary to create an effective agreement." *Electric Regulator Corp.,* 280 F.Supp. at 555. Plaintiff's confirmation, telexed after the parties agreed in Texas, states "we are pleased to confirm having sold to you as you have bought from us." (Dkt. # 1, Exh. A). This language plainly affirms the existence of a previously effective agreement between the parties. The confirmation did not effectuate an agreement, but rather verified one's existence.

■ Plaintiff, relying on *Bowman v. Grolsche Bierbrouwerij B.V.,* 474 F.Supp. 725, 731 (D.Conn.1979), further argues that the contract was "performed" in the state because it located the product, entered into supply contracts, arranged loading and delivery and monitored payment from its Stamford office. (Dkt. # 27, ¶ 4). Plaintiff neglects, however, to distinguish this contract from the one in *Bowman* which "clearly contemplated and required performance in this state by plaintiff. . . ." *Id.* at 732.[3] To es-

---

**1.** Section 33–396 provides in relevant part that "(a) No foreign corporation except an insurance or surety or indemnity company shall transact business in this state until it has procured a certificate of authority so to do from the secretary of the state. . . ." Section 33–395 is not applicable to the defendant in this case.

**2.** This Court has declined to assert personal jurisdiction under § 33–411(b) in two factually similar cases. *See Atlantic Maritime Enterprises Corp. v. Hong Kong Borneo Services Co.,* 1990 WL 484929 (D.Conn. Feb. 2, 1990); *Bross Utilities*

*Serv. Corp. v. Aboubshait,* 489 F.Supp. 1366 (D.Conn.1980).

**3.** In *Bowman,* the parties agreed that plaintiff would market defendant's beer in Connecticut. The court found that plaintiff clearly "was to perform the alleged agreement in Connecticut, as the agreement contemplated that Connecticut would be the initial test market" for defendant's beer. *Bowman,* 474 F.Supp. at 730–31. The Court did not determine whether § 33–411(c)(1) would apply if the contract terms did not require performance in Connecticut. *Id.* at 732, n. 7.

tablish *in personam* jurisdiction under section 33–411(c)(1), plaintiff must establish *prima facie* that a contract existed and that it was meant to be performed in the state within the meaning of the statute. *Bowman*, 474 F.Supp. at 729. Although section 33–411(c)(1) does not expressly require that the party over whom jurisdiction is sought perform in the state, in this case, performance was neither articulated, contemplated, required, nor possible in Connecticut. *Coan v. Bell Atlantic Sys. Leasing Int'l, Inc.*, 813 F.Supp. 929, 943 (D.Conn.1990); *Clemco Corp., Inc. v. Frantz Mfg. Co.*, 609 F.Supp. 56, 57 (D.Conn.1985). The contract provided for the maleic anhydride, supplied in India, to be shipped directly to Belgium. Plaintiff has not made a prima facie showing that the contract was either "made" or "performed" in Connecticut.

Finally, plaintiff argues that § 33–411(c)(2) applies because defendant repeatedly solicited business by mail or otherwise in Connecticut. A defendant is subject to suit under this section if the repeated solicitation has "led to orders or offers **which form the basis for the cause of action.**" *Hagar v. Zaidman*, 797 F.Supp. 132, 136 (D.Conn. 1992) (emphasis added). Plaintiff must allege that the business which gave rise to this lawsuit was solicited in this state. *Bross Utilities Serv. Corp. v. Aboubshait*, 489 F.Supp. 1366, 1373 (D.Conn.1980). Plaintiff does not dispute defendant's affidavit statement that the "contract which is the subject of the litigation was agreed to in San Antonio, Texas...." (Altman Affidavit, (Dkt. # 30), at ¶ 4).

Without evidence that the order which gave rise to this lawsuit was solicited in Connecticut, personal jurisdiction over MPCT cannot be exercised under § 33–411(c)(2).

### C. *Constitutional Limitations*

Because § 33–411 is not available to plaintiff to warrant personal jurisdiction over MPCT, there is no occasion to consider whether such jurisdiction would meet the "minimum contacts" test of *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Likewise, it is unnecessary to determine whether MPCT was properly served.

### III. *CONCLUSION*

Plaintiff has failed to make a prima facie showing that sustains personal jurisdiction. Therefore, defendant's motion to dismiss (Dkt. # 21) is *granted.* SO ORDERED.