99 F.3d 400
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Sara R. STADLER, Administratrix of the Estate of David
Coates, Jr., Plaintiff-Appellant,
v.
ROLSCREEN COMPANY, Defendant-Appellee.
ALLSTATE INSURANCE COMPANY, Movant.
 No. 95-7416.
 United States Court of Appeals, Second Circuit.
 Dec. 7, 1995.
 
 APPEARING FOR APPELLANT: Kathleen L. Nastri, Carmody & Torrance, Waterbury, Conn.
 APPEARING FOR APPELLEE: Frank A. May, Monstream and May, Glastonbury, Conn.
 D.Conn.
 AFFIRMED.
 Present: NEWMAN, Chief Judge. FEINBERG, and CARDAMONE, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the District of Connecticut and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.
 
 
 3
 Plaintiff Sara R. Stadler, administratrix of the estate of David Coates, Jr., appeals from the February 27, 1995, judgment of the District Court dismissing her complaint for lack of personal jurisdiction. The complaint was brought to recover for the death of a Massachusetts resident who died in Connecticut, allegedly because of a defective window purchased in Delaware. Stadler argues that the Connecticut long-arm statute sufficiently reaches defendant Rolscreen Company ("Rolscreen"), an Iowa corporation. This claim is without merit.
 
 
 4
 The Connecticut long-arm statute, which is narrower in scope than the limits of the Due Process Clause, see Chemical Specialties Sales Corp. v. Basic Inc., 296 F.Supp. 1106, 1109 (D.Conn.1968) (interpreting Connecticut law), provides: "Every foreign corporation which transacts business in this state in violation of section 33-395 or 33-396 shall be subject to suit in this state upon any cause of action arising out of such business." Conn. Gen.Stat. § 33-411(b) (1995). Stadler concedes that section 33-395 is inapplicable here. Section 33-396 states: "No foreign corporation ... shall transact business in this state until it has procured a certificate of authority so to do from the secretary of the state...." Conn. Gen.Stat. § 33-396(a) (1995). Rolscreen concedes that it does not possess a certificate of authority. Therefore, the sole issue in this case is whether or not the activities of Rolscreen are sufficient to rise to the level of "transact[ing] business in this state" within the meaning of section 33-396.
 
 
 5
 The Connecticut legislature has stated that certain activities, as a matter of law, do not constitute transacting business in the state. See Conn. Gen.Stat. § 33-397 (1995). Such activities include "soliciting or procuring orders, ... where such orders require acceptance without this state before becoming binding contracts," and "transacting business in interstate commerce." Id. § 33-397(b)(5), (8).
 
 
 6
 The District Court held that Rolscreen did not transact business in the state within the meaning of section 33-396. The Court found that Rolscreen did not maintain any offices or manufacturing facilities in Connecticut. Nor did Rolscreen engage in any retail sales within the state. See Sawyer Savings Bank v. American Trading Co., 405 A.2d 635, 637 (Conn.1978) (focusing on contract situs, presence of corporate offices and/or employees in state, and extent of corporate business activities in state). Rolscreen sold its products in Connecticut solely through an independent distributor, Lawrence R. Smith Co. ("Smith Co."), who purchased Rolscreen products on a wholesale basis. All such wholesale purchases were subject to final approval by Rolscreen in Iowa, and the products were shipped F.O.B., with title to the products transferred in Iowa.
 
 
 7
 Moreover, unlike the defendants in Connecticut Tool & Manufacturing Co. v. Bowsteel Distributors, Inc., 190 A.2d 236 (Conn.C.P.1963), and Chemical Specialties Sales Corp., 296 F.Supp. 1106, Rolscreen did not retain any employees in Connecticut, nor did it hold any seminars, promotions, or instructional courses in the state. Based on the totality of facts, the District Court was correct in holding that Rolscreen did not transact business in Connecticut within the meaning of section 33-396. See Tilden Commercial Alliance, Inc. v. Guerriere, No. 202346 (Conn.Super.Ct. January 26, 1981) (holding that supplier of independent distributor did not transact business in state) (unpublished decision).
 
 
 8
 Stadler argues nevertheless that Rolscreen held such a position of "domination and control" over its distributors that the activities of Smith Co. in Connecticut should be attributed to Rolscreen. This contention is meritless. The District Court found that the Distribution Agreement between Rolscreen and Smith Co. amounted to nothing more than an arms-length contract. Though Rolscreen and Smith Co. maintained a close working relationship and the two engaged in cooperative advertising, there was no evidence that Rolscreen exercised any substantial control over Smith Co.
 
 
 9
 Except for its ability to terminate the Distribution Agreement for breach or after timely notice, Rolscreen had no general supervisory authority over Smith Co. or any of its employees. Smith Co. was able to determine unilaterally the retail sales price of Rolscreen products. Moreover, it was free to sell non-competing products alongside Rolscreen products. Finally, Smith Co. was allowed to use its own corporate name in conjunction with the Rolscreen trademark.
 
 
 10
 These facts sufficiently distinguish the present case from Armor Bronze & Silver Co. v. Chittick, 221 F.Supp. 505 (D.Conn.1963), and Eutectic Corp. v. Curtis Noll Corp., 342 F.Supp. 761 (D.Conn.1972). In Armor Bronze, the sales representatives at issue were authorized to enter into contracts on behalf of the supplier, and were not able to sell other products. Armor Bronze, 221 F.Supp. at 512-13. Similarly, in Eutectic Corp., the so-called "independent contractors" were "in reality, devoting full-time to the sale of [the supplier's] products". Eutectic Corp., 342 F.Supp. at 763. By contrast, in this case, Smith Co. was an independently owned and autonomous business, which was a true independent contractor, and not a mere extension of Rolscreen. See Tilden Commercial Alliance, No. 202346. Therefore, its intrastate business cannot be attributed to Rolscreen.